This matter presents a timely appeal from a decision rendered by the Jefferson County Common Pleas Court, Juvenile Division, accepting the admission offered by appellant, Tyrelle Gilbert, a minor child, to a charge of burglary in' violation of R.C.2911.12(A), along with his subsequent sentencing thereon.
In August of 1996, appellant had two cases pending against him in the juvenile court, namely, one charge of burglary pursuant to case number 96-DL-56 and one charge of robbery pursuant to case number 96-DL-84. On August 13, 1996, appellant appeared before the juvenile court with court-appointed counsel for purposes of requesting that the court accept a plea agreement concerning these two charges. In accordance with the plea agreement, appellee, State of Ohio, agreed to dismiss the charge of robbery and appellant agreed to make an admission to the charge of burglary. Additionally, appellee agreed not to pursue and to consider resolved, all other pending charges and investigations regarding appellant.
Prior to accepting appellant's admission, the juvenile court made inquiry of appellant as to whether he understood the nature of the charge against him; whether he understood that he was giving up his right to a trial or hearing; whether he understood that he was giving up the right to call and cross-examine witnesses; and, whether he understood that he was giving up his right to remain silent. (Tr. 5-6). Appellant answered affirmatively to the questions posed him by the juvenile court. The court then accepted appellant's admission and dismissed all other pending matters with respect to him. In sentencing appellant, the juvenile court committed him to the custody of the Department of Youth Services for a minimum of one year, not to exceed his twenty-first birthday. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT DID NOT SUBSTANTIALLY COMPLY WITH JUVENILE RULE 29(D) (1), IN THAT THE COURT DID NOT DETERMINE THAT APPELLANT UNDERSTOOD THE CONSEQUENCES OF HIS ADMISSION."
Appellant argues that the juvenile court failed to inquire of him whether he understood the consequences of his admission pursuant to Juv.R. 29(D) (1). Appellant maintains the fact that he could be committed to the Department of Youth Services for a minimum term of one year was not communicated to him and that he was unaware of such potential, lengthy commitment. Therefore, appellant concludes that the trial court did not substantially comply with Juv.R. 29(D) (1).
Appellee replies that only substantial compliance with Juv.R. 29(D) is required when a juvenile court accepts an admission from a juvenile. In re Brooks (1996), 112 Ohio App.3d 54, 57, citing to In re Christopher (1995), 101 Ohio App.3d 245, 248.
Prior to the juvenile court accepting appellant's admission in the case at bar, the following colloquy took place:
 "THE COURT: Tyrelle, before I accept your admission I wish to — do you understand the nature of the charge that you're admitting to? In other words, you're charged with burglary by going into a house with an intent to steal something or do some other crime within that house. Is that what you understand this is?
"MR. GILBERT: (No audible response)
 "THE COURT: And that was the home of David Eckle. Is that the house you're talking about?
"MR. GILBERT: Yes.
 "THE COURT: You broke into that house. All right. You also understand that if you admit this you give up your right to have a trial or hearing in this Court, you give up the right to have witnesses — to cross examine or question the witnesses who the State might call against you. You also give up the right to call witnesses on your — for yourself. You understand that?
"MR. GILBERT: Yes.
 "THE COURT: You give up the right to remain silent. You already have an attorney so you're not giving up that right. You understand those things?
"MR. GILBERT: Yes.
 "THE COURT: All right. The Court will accept your admission to that charge and order dismissal of all other pending matters with respect to you." (Tr. 5-6).
Juv.R. 29(D) provides that a court must carefully inquire of a juvenile before accepting an admission to an offense and states:
 "(D) Initial procedure upon entry of an admission.
The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
Juv.R. 29(D) has been held to be analogous to Crim.R. 11(C) (2) in that both require that a court personally address the defendant on the record with respect to the dictates set forth in the rules. In re Jenkins (1995), 101 Ohio App.3d 177, 179. The purpose of Juv.R. 29(D) is to ensure that juveniles are afforded due process and fundamental fairness in proceedings before the juvenile court. In re Miller (1997), 119 Ohio App.3d 52. Before accepting the admission of a juvenile, the court must personally address such juvenile and determine that he or she is making the admission voluntarily, and that he or she understands the rights which are being waived by entering an admission. In re Miller, supra.
Strict adherence to the procedures imposed by Juv.R. 29 is not constitutionally mandated. In re Beechler (1996), 115 Ohio App.3d 567,572. However, the failure of the court to substantially comply with the dictates of Juv.R. 29 constitutes prejudicial error which requires a reversal of the adjudication in order to permit the juvenile to plead anew. In re Beechler,supra.
A thorough review of the transcript of proceedings in the case at bar reveals that the juvenile court made absolutely no mention of the consequences of the admission to appellant pursuant to Juv.R. 29(D) (1). Furthermore, although appellant was represented by counsel, there was no indication on the record that the potential penalty resulting from an admission was ever discussed with appellant by said counsel. Appellee admits that the only right which was not reviewed by the juvenile court, either implicitly or explicitly, was whether appellant understood the consequences of his admission.
In re Hendrickson (1996), 114 Ohio App.3d 290, 293, offers guidance on the issue presented in this case as the court therein stated:
 "The critical issue, then, is whether [the trial court's] colloquy demonstrates substantial compliance with the requirements of Juv.R. 29(D). Based upon our review of the hearing transcript, we conclude that it does not. In particular, we find troubling the judge's failure to provide [appellant] with any information concerning the possible sentence the court could impose. We recognize that, unlike Crim.R. 11(C) (2), Juv.R. 29(D) does not expressly require the court to inform a juvenile of the maximum penalty he faces. Nevertheless, Juv.R. 29(D) does require the court to convey the 'consequences' of the juvenile's admission.
 "Neither party cites, nor can this court locate, any cases construing the term 'consequences' as used in Juv.R. 29 (D). In our view, however, the potential for commitment to the Ohio Department of Youth Services for a period of one to six years is a significant consequence that the judge should have mentioned to [appellant]. Indeed, in the eyes of a fifteen-year-old who is unrepresented by counsel, the possibility of a lengthy commitment well may be the most important consequence imaginable. Consequently, we hold that Juv.R. 29(D) (1) and the rudiments of due process required the trial court to apprise [appellant], at least briefly, of its dispositional options." (Emphasis added).
Unlike the factual scenario of In re Hendrickson, appellant in the case at bar was represented by counsel. Similarly however, appellant was fourteen years old at the time of the dispositional hearing in this case and was sentenced to serve a commitment with the Department of Youth Services at a minimum of one year, not to exceed his twenty-first birthday. We agree with the holding of In re Hendrickson, supra that the juvenile court should have apprised appellant, at least briefly, of the potential penalty which he faced in making an admission to the charge of burglary. We likewise find troubling the juvenile court's failure to provide appellant with any information concerning the possible sentence which the court could impose and cannot therefore conclude that the juvenile court substantially complied with the requirements of Juv.R. 29(D). Accordingly, appellant is permitted to plead anew in the casesub judice.
Appellant's sole assignment of error on appeal is found to be with merit.
The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with law and consistent with this opinion.
Vukovich, J., concurs.
Waite, J., concurs.
APPROVED:
 ------------------------------ EDWARD A. COX, PRESIDING JUDGE