OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, Juvenile Division, accepting the admissions offered by appellant, Christopher McBride, to several charges against him and sentencing appellant to a period of commitment at the Ohio Department of Youth Services.
Following a dispositional hearing on January 6, 1997, appellant was found guilty by admission of receiving stolen property, in violation of R.C. 2913.51, under case number 96-JA-1620. Appellant was sentenced to a six month commitment at the Ohio Department of Youth Services, however, such commitment was suspended and held in abeyance, and appellant was placed on probation.
Ten months later, on November 6, 1997, a dispositional hearing was held wherein appellant was again found guilty by admission to another charge of receiving stolen property, in violation of R.C.2913.51, under case number 97-JA-1323. At that time, appellant was sentenced to another six month commitment at the Ohio Department of Youth Services, which was again suspended and held in abeyance after appellant spent forty-six days in detention. Appellant was then placed on probation status with intensive supervision.
On December 30, 1997, a dispositional hearing was held wherein appellant was once again found guilty by admission on two counts of aggravated menacing, in violation of R.C. 2903.21, under case number 97-JA-1665, and one count of possession of drugs, in violation of R.C. 2925.11, under case number 97-JA-1629. Because of his sentencing on the previous two offenses and due to the nature of the new offenses, appellant was placed in detention for twenty-one days and was not permitted to apply for or obtain a driver's license until his eighteenth birthday. On January 6, 1998, the trial court filed its judgment entry ordering that appellant's previous suspended sentences be imposed. Thus, appellant was sentenced to serve two consecutive six month commitments at the Ohio Department of Youth Services and was credited forty-six days for time served.
On February 3, 1998, appellant filed a pro se notice of appeal in case numbers 96-JA-1620, 97-JA-1323, 97-JA-1629 and 97-JA-1665, respectively. One month later, this court combined the aforementioned appeals for purposes of judicial economy and appointed appellate counsel to represent appellant.
Appellant sets forth two assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The Trial Court erred in accepting the Appellant's admission of the allegations due to the fact that the admission was not voluntary, the Appellant was not aware of the consequences of his admissions and the Appellant was not made aware of the consequences of his admissions."
Appellant claims the trial court failed to comply with the requirements set forth in Juv.R. 29 (D), which states that before accepting an admission, the trial court must address the defending party personally and determine both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; [and]
 "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
A trial court must determine the voluntariness of an admission and the defendant's awareness of the consequences of his admission. Further, the trial court must also advise a defendant as to the consequences of his admission. In re Hendrickson
(1996), 114 Ohio App.3d 290.
Appellant submits that he did not understand the repercussions of entering admissions to the current charges against him. Appellant points to several occasions in the record which he alleges demonstrate his lack of understanding. First, appellant maintains that when asked by the trial court if there was any reason the court should not accept his plea, instead of answering the question, he indicated that he wanted to undergo rehabilitation for his drug problem. (Tr. 6). Thus, appellant contends his failure to answer demonstrated he did not understand that by entering an admission he was relinquishing his rights. Secondly, appellant suggests that he was unaware of the amount of potential incarceration time associated with a drug possession charge. Finally, appellant points to the following colloquy, which he believes demonstrates his confusion with regards to the drug possession charge:
 "THE COURT: Well, previously he entered a plea of denial on that charge, * * *.
"MINOR CHILD: Uh-huh.
 "THE COURT: And you want to withdraw or change that plea?
"MINOR CHILD: No, sir.
 "THE COURT: Well, before you denied it. Now you are admitting it.
"MINOR CHILD: Oh, I denied it?
 "THE COURT: You are allowed to deny it. You don't have to tell me why. But do you want to change it and admit to it now?
"MINOR CHILD: Yes." (Tr. 9-10)
Thus, appellant claims that the trial court incorrectly accepted his admissions because same were not entered into voluntarily, knowingly, and with knowledge of the consequences of such admissions.
We find that the trial court not only complied with Juv.R. 29 (D), but also ruled appropriately in accordance with Juv.R. 29 (C), which provides:
 "The court shall request each party against whom allegations are made in the complaint to admit or deny the allegations. A failure or refusal to admit the allegations shall be deemed a denial."
After a thorough review of the record and transcript in this case, it is clear that the trial court properly accepted appellant's admissions and that appellant admitted the allegations against him on the record.
Strict adherence to the dictates of Juv.R. 29 is not constitutionally mandated, however, substantial compliance is required. In re Beechler (1996), 115 Ohio App.3d 567, 571. The transcript in the present matter reveals that the trial court substantially complied with Juv.R. 29 (D).
The mere fact appellant expressed a desire for drug treatment does not indicate that he did not understand he was waiving his rights. First, the trial court did, in fact, inquire into appellant's understanding of all the charges against him. When the trial court asked, "Do you understand the charges that have been filed against you?", appellant specifically answered, "Yes, sir." (Tr. 3-4). Secondly, the trial court's questioning of appellant included an inquiry to discover if appellant understood that he had a right to a trial, a right to require the State present evidence and prove the case against him by proof beyond a reasonable doubt and a right to confront and cross-examine witnesses against him for each charge. Appellant answered each of said questions affirmatively. (Tr. 4-5).
Further, the trial court explained to appellant the potential penalties of the offenses and offered that the prior commitments to the Ohio Department of Youth Services could be imposed as a result of his conviction. Appellant indicated that he understood the possible consequences. (Tr. 5-6). Moreover, the trial court gave appellant an opportunity to ask questions, to which appellant responded that he had none. (Tr. 7). Next, appellant gave a negative response both when asked if he had any doubts or hesitation in entering admissions, and again when asked if there was any reason why the trial court should not accept his admissions. (Tr. 7). Finally, appellant was asked if he was entering the admissions of his own free will, to which he responded affirmatively, and whether anyone was forcing him to enter admissions, to which appellant again answered "no." (Tr. 12-13).
The record fails to support appellant's claim of confusion or lack of comprehension regarding the rights he was waiving. Additionally, appellant was fully apprised of the potential penalties which he faced. The trial court fully and completely explained to appellant his rights and the record reflects that appellant chose to waive those rights. Because the record illustrates that appellant entered his admissions in a knowing, intelligent, and voluntary manner, we find that the trial court properly accepted appellant's admissions to the allegations against him.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "The Trial Court erred in accepting Appellant's admission due to the fact Appellant lacked effective assistance of counsel."
The benchmark for judging a claim of ineffective assistance of counsel is whether defense counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied upon as having produced a just result.Strickland v. Washington (1984), 466 U.S. 668. To prevail on an ineffective assistance of counsel claim, an appellant must show that defense counsel's representations fell below an objective standard of reasonableness and that there was a reasonable probability that, but for defense counsel's unprofessional errors, the result of the proceeding would have been different, when considering the totality of the evidence that was before the trial court. Strickland, supra.
Furthermore, there is a presumption of effective assistance of counsel. State v. Bradley (1989), 42 Ohio St.3d 136. A reviewing court cannot use the benefit of hindsight in determining whether a defendant received effective assistance of counsel. Strickland,supra.
Appellant claims that his court-appointed defense counsel was ineffective because such counsel failed to clarify both appellant's misunderstanding as to the allegations against him and the consequences of entering admissions to said allegations. Appellant cites to United States v. Broce (1989), 488 U.S. 563, in which the United States Supreme Court held that a claim of ineffective assistance of counsel may be based upon defense counsel's failure to provide advice which then impairs the knowing and voluntary nature of a plea. Appellant claims that his defense counsel failed to advise him as to the repercussions of an admission and thus, impaired the knowing and voluntary nature of his admissions. Thereby, appellant contends that his defense counsel was ineffective, causing the trial court to err when it accepted appellant's admissions.
As previously stated, the record reflects appellant's comprehension of his waiver of rights and his desire to voluntarily admit to the charges against him. Because appellant's admissions were voluntary, his claim of ineffective assistance of counsel must fail. Moreover, appellant has failed to show that there was a reasonable probability that but for defense counsel's actions, the result of the case would have been different and therefore, appellant has not proven ineffective assistance of counsel.
Considering the totality of defense counsel's representation, it cannot be said that counsel was ineffective and this court cannot utilize the benefit of hindsight to establish whether defense counsel employed an effective trial strategy. Strickland,supra.
Appellant's second assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J.,
Waite, J.,
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE