**In re JENKINS.**

[Cite as *In re Jenkins* (1995), 101 Ohio App.3d 177.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–07–149.

Decided Feb. 13, 1995.

*John F. Holcomb,* Butler County Prosecuting Attorney, *Bradley Carmella* and *Lynn Lampe,* Assistant Prosecuting Attorneys, for appellee state of Ohio.

*Jerry M. Bryant,* for appellant.

WALSH, Judge.

Appellant, Matthew Jenkins, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, finding him delinquent by reason of attempted rape.

On May 27, 1994, the Middletown, Ohio Police Department filed a complaint in delinquency against appellant, then sixteen years of age, charging him with one count of rape. An adjudicatory hearing was held on June 3, 1994, at which time appellant, through counsel, entered an admission to an amended charge of attempted rape.

The court then engaged in the following colloquy with appellant:

"COURT: Matthew, do you understand your attorney's entering a plea of true in your behalf as to this charge as it's been amended to Attempted Rape?

"APPELLANT: Yes.

"COURT: Is that what you want him to do?

"APPELLANT: Yes.

"COURT: Alright, you understand that if you were an adult this would be a felony of the second degree which means you can be sentenced to a locked Juvenile Institution * * *.

"APPELLANT: Yes.

"COURT: * * * for a minimum period of twelve months. You can be held up to your twenty-first birthday. Do you understand that?

"APPELLANT: Yes Sir.

"COURT: Is anybody putting any pressure on you today to come in here and admit to this charge?

"APPELLANT: No.

"COURT: Has anybody made any promises to get you to come in and admit to this charge?

"APPELLANT: No.

"COURT: Are you admitting to this charge because you did in fact do what you're charged with doing as it's been amended here today?

"APPELLANT: Yes Sir.

"COURT: Alright. Court will accept the plea to the amended charge of Attempted Rape."

The trial court accepted appellant's admission to the amended charge, adjudicated him a delinquent minor, and committed him to the Ohio Department of Youth Services. In a single assignment of error, appellant contends that the trial court erred in accepting his admission without complying with the requirements of Juv.R. 29(D). We find this argument to be well taken.

Juv.R. 29(D) provides:

"Initial procedure upon entry of an admission. The court * * * shall not accept an admission without addressing the party personally and determining that:

"(1) He is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; and

"(2) He understands that by entering his admission he is waiving his rights to challenge the witnesses and evidence against him, to remain silent and to introduce evidence at the adjudicatory hearing."

Juv.R. 29(D) has been held to be analogous to Crim.R. 11(C)(2), which provides that the trial judge in an adult criminal proceeding must personally address the defendant before accepting a plea of guilty. See *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C–910292 and C–910404, unreported, 1992 WL 5843. The

Ohio Supreme Court has held that strict adherence to the procedure imposed by Crim.R. 11(C)(2) is not constitutionally mandated; however, the rule has been interpreted as requiring substantial compliance. See *State v. Billups* (1979), 57 Ohio St.2d 31, 38, 11 O.O.3d 150, 153–154, 385 N.E.2d 1308, 1312. The failure of a juvenile court to substantially comply with the requirements of Juv.R. 29(D) has been held to have the same prejudicial effect as does failure to substantially comply with Crim.R. 11(C)(2), necessitating a reversal of the adjudication so that the juvenile may plead anew. *Id.*

In this case, the trial court, in accepting appellant's admission to the amended charge of attempted rape, did not substantially comply with the requirements of Juv.R. 29(D). As the language of Juv.R. 29(D) indicates, the court is required to comply with both paragraphs (1) and (2) before accepting the admission of a party.

Although the trial judge addressed the elements contained in Juv.R. 29(D)(1), the record clearly reveals that the trial judge failed to address any of the elements contained in Juv.R. 29(D)(2). There was no discussion by the trial court to determine whether appellant understood that by entering his admission he was waiving his rights to challenge the witnesses and evidence against him, to remain silent, and to introduce evidence at the adjudicatory hearing, as required under subsection (D)(2). Therefore, there was no compliance, substantial or otherwise, with the requirements of Juv.R. 29(D)(2). See *State v. Scott* (1974), 40 Ohio App.2d 139, 145–146, 69 O.O.2d 152, 155–156, 318 N.E.2d 416, 420–421 (trial court's failure to inform defendant of any of constitutional rights set forth in Crim.R. 11[C][2] constitutes prejudicial error requiring reversal).

Appellant's sole assignment of error is accordingly sustained. The trial court's finding of delinquency by reason of attempted rape is reversed, appellant's admission is vacated, and the cause is remanded to the trial court so that appellant may plead anew.

The judgment is reversed and this cause is remanded.

*Judgment reversed*
*and cause remanded.*

KOEHLER, J., concurs.

JONES, P.J., dissents.

FRED E. JONES, P.J., retired, of the Twelfth Appellate District, sitting by assignment.

JONES, Presiding Judge, dissenting.

The majority's analysis of the issue presented by this case is fatally flawed. Therefore, I dissent and would affirm the judgment of the trial court.

Juv.R. 29(D) governs the procedure a juvenile court must adhere to in accepting a true plea in a delinquency action. The requirements of Juv.R. 29(D) need only be substantially complied with in order to preserve the validity of the defendant's plea. *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C–910292 and C–910404, unreported. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1991), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476.

The record indicates that the juvenile court addressed appellant in an extended colloquy in open court. During the exchange, the appellant freely acknowledged his guilt and affirmatively indicated that he understood the nature of his plea. This is the essence of substantial compliance!

The majority states that appellant could not have understood the nature and implications of his true plea because the juvenile court failed to engage appellant in a rote recitation of the constitutional rights enumerated in Juv.R. 29(D)(2). This is simply not the case. The majority's application of Juv.R. 29(D)(2) produces an absurd result. There is simply no reason to vacate a true plea which was freely and voluntarily entered merely because the juvenile court failed to mechanically recite the language of Juv.R. 29(D)(2). Accordingly, I dissent and would affirm the judgment of the juvenile court.