## In re BEECHLER.

[Cite as *In re Beechler* (1996), 115 Ohio App.3d 567.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 95 CA 2147.

Decided July 25, 1996.

*Scott W. Nusbaum,* Ross County Prosecuting Attorney, and *Jennifer L. Ater,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, and *Paul Scott Lorenzo,* Assistant Public Defender, for appellant.

---

HARSHA, Judge.

This is an appeal from a judgment of the Ross County Court of Common Pleas, Juvenile Division, finding appellant delinquent and committing him to the legal custody of the Ohio Department of Youth Services. Appellant contends that the trial court's acceptance of his admission to the complaint without complying with the requirements of Juv.R. 29(D) violated his constitutional rights to due process. We agree and thus vacate appellant's admission and commitment and reverse the order of delinquency entered below.

On May 5, 1995, the Ross County Sheriff's Department filed a delinquency complaint against appellant charging him with one count of rape in violation of R.C. 2907.02, an aggravated felony of the first degree. Appellant and his attorney appeared in juvenile court on May 16, 1995, before a referee. At this hearing, the following exchange took place between the referee, appellant, and his attorney:

"[ATTORNEY]: Yes your Honor, at this time we wish to waive the reading of the complaint and * * * enter a plea of not true.

"[REFEREE]: Okay. Now [appellant] your Attorney Mr. Harrell has indicated to the Court that you wish to deny this charge, is that true? You look puzzled. Do you understand what I'm saying?

"[APPELLANT]: Yeh.

"[REFEREE]: Okay is that true what your Attorney Mr. Harrell has indicated that you wish to deny the charge?

"[APPELLANT]: Yeh.

"[REFEREE]: Okay, so you understand there will be a trial? I need a yes or no we are recording here.

"[APPELLANT]: Yes."

The remainder of the hearing concerned the conditions under which appellant was to be released to his parents' custody pending trial.[1]

---

1. Although it was not assigned as an error on appeal, we note that at no time during this initial hearing did the referee ascertain whether notice requirements had been complied with

On June 9, 1995, the scheduled trial date, appellant and his counsel again appeared before the juvenile court; although this time before a different referee. At this hearing, the following exchange took place between the referee, appellant, and his attorney:

"[REFEREE]: * * * I am advised Mr. Harrell that * * * your client had intended to change his plea, is that correct?

"[ATTORNEY]: That is correct your honor.

" * * *

"[REFEREE]: And [appellant] I understand you wish to change your plea today and admit this complaint, is that correct? Is that correct?

"[APPELLANT]: Yeh.

"[REFEREE]: And you understand by doing so you waive or give up certain rights. You * * * waive your right to a trial, your right to remain silent and your right to challenge the witnesses and evidence against you. You understand that?

"[APPELLANT]: Yes.

"[REFEREE]: And is this your voluntary wish today to change your plea?

"[APPELLANT]: Yeh."

The referee then recited a statement of facts regarding the incident contained in a sheriff's department investigative report attached to the court's copy of the complaint. After this report was read into the record, the following colloquy occurred:

"[REFEREE]: * * *Well [appellant] what do you have to say for yourself. Where did you get the idea to do this?

"[APPELLANT]: I don't know.

"[REFEREE]: What did you tell the deputy?

"[APPELLANT]: Told him what I did.

"[REFEREE]: Yeh. Told the deputy you got the idea for this from a picture someone drew you at school?

"[APPELLANT]: Yeh.

"[REFEREE]: Is that true?

---

and, if not, whether appellant waived compliance, or informed appellant of the substance of the complaint, the purpose of the hearing, and the possible consequences of the hearing. See Juv.R. 29(B)(1) and (2); see, also, *In re Johnson* (1995), 106 Ohio App.3d 38, 44–45, 665 N.E.2d 247, 250–251.

"[APPELLANT]: Yeh.

"[REFEREE]: And this was a seven year old boy and a five year old boy you did this with?

"[APPELLANT]: Yeh.

"[REFEREE]: I'll ask you again why did you do this?

"[APPELLANT]: I don't know."

At no time during this adjudicatory hearing did the referee ascertain whether appellant understood the nature of the allegations enumerated in the complaint or the consequences of his admission. See Juv.R. 29(D)(1).

The trial court accepted the referee's recommendations and thereby found appellant to be delinquent and ordered the probation department to conduct a presentence investigation and file a written report before disposition. The court further ordered appellant confined in a juvenile detention facility pending disposition after finding that appellant represented a potential risk to others.

On July 3, 1995, appellant and his counsel appeared before the referee for the dispositional hearing. Prior to rendering disposition, the referee considered the oral statements made by appellant, his parents and attorney, and written statements submitted on appellant's behalf from two teachers and his principal and a psychological report, as well as the probation department's report. Based on the seriousness of the crime, the referee recommended that appellant be committed to the legal custody of the Ohio Department of Youth Services for a minimum period of one year and a maximum period not to extend past his twenty-first birthday. The trial court approved the referee's recommendations and thereby adopted the referee's report as the court's order.

Appellant's counsel filed objections to the referee's report. The trial court sustained the objections, and the referee then entered findings of fact. Appellant's counsel subsequently filed new objections to the referee's report based on these findings of fact. The trial court overruled appellant's new objections, and appellant then timely appealed that judgment.

Appellant's first assignment of error states:

"The trial court's acceptance of an admission from a mentally handicapped thirteen year old child, without determining whether the admission was made with an understanding of the allegations and the consequences of admission, renders the plea not voluntary, knowing and intelligent, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution

and Article One, Section Sixteen of the Ohio Constitution and Ohio Juvenile Rule 29."

Appellant argues that the trial court failed to comply with the requirements of Juv.R. 29(D) when it accepted his admission to the rape charge. More specifically, appellant contends that the court failed to determine whether he understood the nature of the allegations and the consequences of entering his admission.

In response, appellee submits that "[t]he court properly inferred that appellant understood the nature of the allegations since his attorney waived the reading of the complaint on his client's behalf" during the arraignment hearing on May 16, 1995. In addition, according to appellee, the trial court properly determined that appellant understood the consequences of entering his admission because, during the adjudicatory hearing on June 9, 1995, appellant failed to refute or disagree with the factual statement read by the referee.

■ Juv.R. 29(D) provides:

"The court * * * shall not accept an admission without addressing the party personally and determining both of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

This rule places an affirmative duty upon the juvenile court. Prior to accepting an admission, the juvenile court must *personally* address the actual party before the court and determine that that party, and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. Furthermore, the test for the accused delinquent's understanding of the charges is subjective, rather than objective, in that it is not sufficient that a hypothetical reasonable party would understand. The person actually before the court must do so.

An admission in a juvenile proceeding pursuant to Juv.R. 29(D) is analogous to a guilty plea made by an adult pursuant to Crim.R. 11(C).[2] *In re Christopher R.* (1995), 101 Ohio App.3d 245, 247, 655 N.E.2d 280, 281–282; *In re Jenkins* (1995), 101 Ohio App.3d 177, 179, 655 N.E.2d 238, 239. Both rules require the respective

---

2. But, cf., *In re Harris* (1995), 104 Ohio App.3d 324, 327, 662 N.E.2d 34, 36, in which the court held that the acceptance of an admission in juvenile court is not so analogous to accepting a guilty plea in an adult felony case that the requirements of Crim.R. 11(C)(2) apply.

trial courts to make careful inquiries in order to ensure that the admission or guilty plea is entered voluntarily, intelligently, and knowingly. *In re Flynn* (1995), 101 Ohio App.3d 778, 781, 656 N.E.2d 737, 738–739, and *In re McKenzie* (1995), 102 Ohio App.3d 275, 277, 656 N.E.2d 1377, 1378–1379.

■ Strict adherence to the procedures imposed by these rules is not constitutionally mandated; however, courts have interpreted them as requiring substantial compliance with their provisions. See *State v. Billups* (1979), 57 Ohio St.2d 31, 38, 11 O.O.3d 150, 153–154, 385 N.E.2d 1308, 1312; *Christopher R., supra,* 101 Ohio App.3d at 247–248, 655 N.E.2d at 281–282; *Jenkins, supra,* 101 Ohio App.3d at 179–180, 655 N.E.2d at 239–240. The failure of a lower court to substantially comply with the requirements of Juv.R. 29 constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. *Billups, Christopher R.* and *Jenkins, supra.*

■ Upon a consideration of the entire record of the proceedings before the trial court in this case, we find that the court, in accepting appellant's admission to the charge of rape, did not substantially comply with the requirements of Juv.R. 29(D). As the language of the rule indicates, the court is required to comply with both paragraphs (1) and (2) before accepting the party's admission.

Although the referee did recite appellant's constitutional rights, as required by Juv.R. 29(D)(2), the record clearly reveals that the court failed to address either of the requirements contained in Juv.R. 29(D)(1). That is, there was absolutely no inquiry by the court to determine whether appellant understood the nature of the allegations made in the complaint or the consequences of entering an admission to such allegations. In fact, the record fails to reflect whether appellant was ever informed of the possible penalties arising out of an aggravated first-degree felony; therefore, there was no compliance, substantial or otherwise, with the requirements of Juv.R. 29(D)(1).[3] See, also, *In re Roberts* (Mar. 14, 1996), Franklin App. No. 95APF06–725, unreported, 1996 WL 112636, and *In re Jarrell* (Dec. 29, 1995), Lake App. No. 95–L–049, unreported, 1995 WL 815342; cf. *In re William H.* (1995), 105 Ohio App.3d 761, 763–764, 664 N.E.2d 1361, 1362–1363.

Accordingly, appellant's first assignment of error is sustained. Based on this

---

3. In urging reversal, counsel for the appellant emphasizes that appellant suffers various learning disabilities. These contentions play no part in our decision because the trial court did not inquire into appellant's understanding of the allegations and consequences of admission. However, upon remand, appellant's level of comprehension should be considered by the court in applying Juv.R. 29(D).

disposition, appellant's second,[4] third,[5] and fourth[6] assignments of error are overruled as being moot. See App.R. 12(A)(1)(c).

Therefore, appellant's admission and commitment are vacated, the trial court's finding of delinquency is reversed, and the cause is remanded to the trial court so that appellant may plead anew.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, P.J., and KLINE, J., concur.

4. "Kyle was deprived of the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution where Kyle's attorney failed to inform Kyle of any defenses available in his case and failed to inform Kyle of the consequences of his plea."

5. "The trial court abused its discretion when it disregarded numerous expert recommendations for home placement and sent a mentally handicapped thirteen year old child, with no prior juvenile record, to the Ohio Department of Youth Services, contrary to Ohio Revised Code Chapter 2151, the Juvenile Rules of Procedure and in violation of public policy in general."

6. "The trial court erred in adopting the magistrate's report adjudicating Kyle delinquent for rape where the report (1) failed to find any facts to rebut the presumption that a child under the age of fourteen is incapable of committing the crime of rape, [and] (2) failed to find facts to establish the element of 'sexual conduct.' "