OPINION
Appellant, Kenneth Shepard, appeals from a decision of the Butler County Court of Common Pleas, Juvenile Division, accepting his admission to complicity in the theft of a motor vehicle, adjudicating him a delinquent minor, and revoking his parole.
On July 14, 1995, appellant was adjudicated a delinquent minor and placed on probation for theft and receiving stolen property. After he violated the terms of his probation, appellant was committed to the Department of Youth Services ("DYS") for six months commencing on May 17, 1996. Appellant completed his sentence and was released on parole.
On May 5, 1997, a complaint was filed in the trial court alleging that appellant committed theft of a motor vehicle. On May 12, 1997, a hearing was held at which appellant was represented by counsel. At the hearing, the prosecutor and appellant's counsel informed the trial court that appellant was going to "plead true" to complicity, under R.C. 2923.03, in the theft of a motor vehicle. The trial court then personally addressed appellant and accepted his admission after determining that it was made voluntarily, knowingly and intelligently. Based upon his admission, the trial court committed appellant to the DYS for a minimum period of six months and a maximum period not to exceed his twenty-first birthday. In addition, the trial court revoked appellant's parole and imposed a consecutive ninety-day commitment to the DYS.
Appellant timely appealed and presents two assignments of error for our review. In his first assignment of error, appellant argues that the trial court erred by failing to inform appellant of the elements of complicity in the theft of a motor vehicle and by failing to ascertain whether appellant's participation in the theft constituted complicity. In his second assignment of error, appellant argues that his admission was not made voluntarily, knowingly, and intelligently because the trial court failed to advise him of the nature of the allegations as required by Juv.R. 29(D)(1). Since these assignments are interrelated, they will be considered together.
Juv.R. 29 provides:
 (C) Entry of admission or denial. The court shall request each party against whom allegations are made in the complaint to admit or deny the allegations. A failure or refusal to admit the allegations shall be deemed a denial.
 (D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 The court may hear testimony, review documents, or make further inquiry, as it considers appropriate * * *.
Ohio courts have found Juv.R. 29(D) to be analogous to Crim.R. 11(C), which provides that the trial court in an adult criminal proceeding must personally address the defendant before accepting a guilty plea. In re Jenkins (1995), 101 Ohio App.3d 177, 179. The Ohio Supreme Court has held that a trial court must accept a guilty plea in substantial compliance with the procedure set forth in Crim.R. 11(C)(2). See State v. Billups (1979), 57 Ohio St.2d 31,38. Likewise, a trial court must accept a juvenile's admission in substantial compliance with the provisions of Juv.R. 29(D) or else the adjudication must be reversed so the juvenile may plead anew. Jenkins at 180; In re Christoper R. (1995),101 Ohio App.3d 245, 248. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1991), 56 Ohio St.3d 105, 108.
After a review of the record, we find that the trial court substantially complied with Juv.R. 29(D)(1). The trial court personally addressed appellant in order to determine that his admission was being made voluntarily with an understanding of the consequences. The trial court specifically asked appellant whether he was entering his admission voluntarily and not due to any threats or promises. Moreover, the trial court informed appellant of the maximum period that he could be committed to the DYS, that his parole could be revoked, and that he could be responsible for fines, costs, and restitution.
Appellant argues that the trial court failed to determine whether his admission was made with an understanding of the allegations because he was not informed of the elements of complicity in the theft of a motor vehicle. However, when determining whether a juvenile is making an admission voluntarily and with an understanding of the charge, a trial court is not always required to advise the juvenile of the elements of the crime or specifically ask the juvenile if he understands the charge, as long as the totality of the circumstances support the trial court's determination that a juvenile understands the charge. State v. Rainey (1982), 3 Ohio App.3d 441, 442; In the Matter of Garrard (Nov. 20, 1997), Franklin App. No. 97APF03-449, unreported.
In the present case, although the trial court failed to review the elements of complicity in the theft of a motor vehicle, we find from the totality of the circumstances that appellant understood the nature of the allegations. After inquiry from the trial court, appellant's counsel stated that appellant intended to enter an admission to complicity in the theft of a motor vehicle. The trial court proceeded to personally address appellant, who has had previous experience with the juvenile court, and asked whether he understood that he was entering an admission to this charge. During a lengthy exchange between the trial court and appellant, appellant answered each question asked by the trial court in the affirmative, did not express any confusion about the nature of the allegations, and did not ask any questions even though he was provided with several opportunities. Under these circumstances, we find the trial court substantially complied with Juv.R. 29(D)(1) and appellant's admission was made voluntarily. See In the Matter of Palmer (Nov. 21, 1996), Franklin App. No. 96APF03-281, unreported.
After a review of the record, we also find that the trial court fully complied with Juv.R. 29(D)(2) and advised appellant of the rights that he was waiving by entering his admission. The trial court informed appellant that he was waiving the right to challenge witnesses and evidence against him, to remain silent, and to introduce evidence at the adjudicatory hearing. In addition, the trial court informed appellant that he was waiving the right to challenge the allegations in the complaint and his right to have the state prove his guilt beyond a reasonable doubt.
Based upon the foregoing, we conclude that the trial court substantially complied with Juv.R. 29 and appellant entered his admission voluntarily, knowingly, and intelligently. Accordingly, appellant's first and second assignments of error are overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.