OPINION
Appellant Amber Orr appeals her conviction for grand theft of a motor vehicle on the basis that the juvenile court failed to comply with Juv.R. 29(D). The following facts give rise to this appeal. On March 16, 1999, appellant, with her attorney, appeared before the Tuscarawas County Juvenile Court on a complaint alleging grand theft of a motor vehicle. At this appearance, appellant's attorney indicated that she wished to change her plea and plead true to the offense. The juvenile court proceeded to review the rights appellant would be waiving by entering a plea of true. Appellant acknowledged these rights. Thereafter, the juvenile court committed appellant, to the Department of Youth Services, for a minimum of six months and a maximum not to exceed her twenty-first birthday. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE ADMISSION WAS KNOWING, VOLUNTARY AND INTELLIGENT, WHEN IT FAILED TO ASCERTAIN WHETHER NOTICE REQUIREMENTS WERE MET, THUS VIOLATING THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE YOUTH UNDERSTOOD THE RIGHTS SHE WAS WAIVING, MAKES THE ADMISSION NOT KNOWING, VOLUNTARY AND INTELLIGENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
III. AMBER ORR WAS DEPRIVED OF HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION TEN AND SIXTEEN OF THE OHIO CONSTITUTION, WHEN HER ATTORNEY FAILED TO ADVOCATE ON HER BEHALF AND TO PROVIDE CONFLICT-FREE ASSISTANCE.
 I
Appellant contends, in her First Assignment of Error, that the juvenile court erred when it accepted her plea of true without informing her of the nature of the charges pending against her pursuant to Juv.R. 29(D). We agree. Juvenile delinquency proceedings must comport with the requirements of due process. In re Gault (1967), 387 U.S. 1. Ohio codified this due process requirement in Juv.R. 29. This rule provides, in pertinent part: (D) Initial procedure upon entry of an admission The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission. (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
* * *
A plea of true in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11. In re Brown (May 10, 1999), Scioto App. Nos. 98CA2598, 98CA2599, unreported, at 2, citing In re Christopher R. (1995),101 Ohio App.3d 245, 247; In re Jenkins (1995), 101 Ohio App.3d 177,179. Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In re Flynn (1995), 101 Ohio App.3d 778, 781; In re McKenzie (1995), 102 Ohio App.3d 275, 277. Juv.R. 29(D) places an affirmative duty upon the juvenile court requiring the court to personally address the juvenile before the court and determine that the juvenile, not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In re Beechler (1996), 115 Ohio App.3d 567, 571. The test for the juvenile's understanding of the charges is subjective, instead of objective. Id. Strict adherence to these rules in not constitutionally mandated. However, courts have interpreted them as requiring substantial compliance with their provisions. See State v. Billups (1979), 57 Ohio St.2d 31, 38. A trial court's failure to substantially comply with the requirements of Juv.R. 29 constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. Brown at 2, citing Billups at 38. It is based on this standard that we review appellant's First Assignment of Error. Appellant specifically contends that she was not informed, by the juvenile court, of the nature of the charge pending against her prior to her plea of true. We reviewed the transcript of this matter and agree with appellant's argument. The transcript indicates the juvenile court explained, to appellant, what rights she would be waiving by entering a plea of true. Tr. at 1-2. However, the juvenile court did not review the nature of the allegations against her as required by Juv.R. 29(D)(1). In fact, the only mention of the charge against appellant was made by appellant's attorney when he indicated, to the juvenile court, that appellant was present on a charge of auto theft. Id. at 1. Based on the above, we conclude the juvenile court did not substantially comply with Juv.R. 29(D)(1) in that it did not explain, to appellant, the nature of the allegations against her. Accordingly, we sustain appellant's First Assignment of Error.
 III
In her Third Assignment of Error, appellant contends she received ineffective assistance of counsel because her attorney failed to advocate on her behalf and failed to provide conflict-free assistance. We disagree. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. State v. Carter (1995), 72 Ohio St.3d 545,558, citing Lockhart v. Fretwell (1993), 506 U.S. 364. It is based on this standard that we review appellant's Third Assignment of Error. In support of this assignment of error, appellant relies on a statement, made by her attorney, during disposition, when the juvenile court asked him whether he had anything he wanted to tell the court about appellant. Counsel for appellant stated: Your Honor, Amber has been repeatedly before the Court, I spoke with her mother before coming into the Court Room. The mother is concerned about her daughter, the mother is concerned, she thinks her daughter needs some very serious counseling and needs some serious long term attention. Tr. at 3.
Appellant maintains, that this statement, by her counsel, establishes that he advocated against her and that counsel was therefore ineffective. Taken in context, we do not find counsel advocated against appellant. Instead, counsel responded to the juvenile court's question as to whether he had anything else to state on appellant's behalf. Counsel merely indicated that his client has repeatedly been before the juvenile court and that her mother believes she needs counseling. These statements, by counsel, did not result in appellant receiving a more serious sentence. The juvenile court had already informed appellant that she would be sentenced to the Department of Youth Services. We do not find, based on counsel's statement, that counsel was ineffective. Accordingly, we will not address the second prong of the Strickland test. Appellant's Third Assignment of Error is overruled.
We will not address appellant's Second Assignment of Error as we find it moot based on our disposition of appellant's First Assignment of Error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
 _________________________ By: Wise, J.
Gwin, P.J., and Farmer, J., concur.