OPINION
Appellant Joseph Floyd appeals his delinquency finding in the Tuscarawas County Court of Common Pleas, Juvenile Division. The relevant facts leading to this appeal are as follows. On March 25, 1999, appellant and his father were served with a copy of a juvenile complaint alleging that appellant was a delinquent juvenile offender pursuant to R.C. 2151.02. The three-count complaint accused appellant of gross sexual imposition (F4), assault (M1), and aggravated menacing (M1). All counts concerned incidents involving a sole female victim. Appellant appeared for arraignment on March 30, 1999. Appellant admitted to the three offenses after the trial court advised him of his rights. On April 1, 1999, the trial court rendered a judgment entry finding appellant delinquent. The court on May 17, 1999, sentenced him to the Department of Youth Services for a minimum of six months and a maximum of the time until he reached age twenty-one. Appellant appealed, following leave from this Court to file a delayed appeal, and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE ADMISSION WAS KNOWING, VOLUNTARY AND INTELLIGENT, WHEN IT FAILED TO ASCERTAIN WHETHER NOTICE REQUIREMENTS WERE MET, THUS VIOLATING THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE YOUTH UNDERSTOOD THE RIGHTS HE WAS WAIVING, MAKES (SIC) THE ADMISSION NOT KNOWING, VOLUNTARY AND INTELLIGENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
I.
Appellant contends, in his First Assignment of Error, that the juvenile court erred when it accepted his plea of true without informing him of the nature of the allegations against him pursuant to Juv.R. 29(D). We agree in part. Juvenile delinquency proceedings must comport with the requirements of due process. In re Gault (1967), 387 U.S. 1. Ohio codified this due process requirement in Juv.R. 29. This rule provides, in pertinent part: (D) Initial procedure upon entry of an admission
The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission. (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
* * *
A plea of true in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11. In re Brown (May 10, 1999), Scioto App. Nos. 98CA2598, 98CA2599, unreported, at 2, citing In re Christopher R. (1995), 101 Ohio App.3d 245, 247; In re Jenkins (1995), 101 Ohio App.3d 177, 179. Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In re Flynn (1995), 101 Ohio App.3d 778,781; In re McKenzie (1995), 102 Ohio App.3d 275, 277. Juv.R. 29(D) places an affirmative duty upon the juvenile court requiring the court to personally address the juvenile before the court and determine that the juvenile, not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In re Beechler (1996), 115 Ohio App.3d 567. The test for the juvenile's understanding of the charges is subjective, instead of objective. Id. Strict adherence to these rules is not constitutionally mandated. However, courts have interpreted them as requiring substantial compliance with their provisions. See State v. Billups (1979), 57 Ohio St.2d 31,38. A trial court's failure to substantially comply with the requirements of Juv.R. 29 constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. Brown at 2, citing Billups at 38. It is based on this standard that we review appellant's First Assignment of Error. Appellant specifically contends that the juvenile court did not inquire of appellant if he understood the nature of the allegations against him or if he agreed with the factual basis supporting the charges pending against him prior to the plea. We have reviewed the transcript of this matter and agree with appellant's argument in regard to the assault and aggravated menacing charges. The court indeed cited to appellant the date of these two offenses, the revised code subsections, and the element language of each offense, but did not personally inquire of appellant if he understood these recitations. See Beechler, supra. Instead, the judge immediately proceeded to asking if appellant desired appointed counsel, and then took appellant's admissions after he so declined. Tr. at 4-5. Based on the above, we conclude the juvenile court did not substantially comply with Juv.R. 29(D)(1), in that it did not satisfactorily ensure that appellant understood the nature of the assault and aggravated menacing allegations against him. Accordingly, we sustain appellant's First Assignment of Error in part; i.e., in regard to the latter two of the three charges.
 II.
In his Second Assignment of Error, appellant argues that the trial court erred by failing to ascertain that he fully understood the rights he was waiving, thus rendering his plea unknowing and/or involuntary. We disagree. At first brush, we would be inclined to disregard this assigned error as moot; however, since we will remand this matter only in regard to the assault and aggravated menacing findings, our review is warranted. A review of the transcript on appeal reveals that the trial court advised appellant, inter alia, of his right to counsel, his right to call witnesses and conduct cross-examination, his right to remain silent, and his right to appeal. Additionally, the record contains a comprehensive "THESE ARE YOUR RIGHTS" form subscribed with the signature of appellant. We are therefore unpersuaded that the trial court failed to substantially comply with the requirements of Juv.R. 29(D). Thus, the trial court did not fail to determine, as alleged by appellant, that he understood the rights he was waiving upon his plea. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Tuscarawas County, Juvenile Division is hereby affirmed in part and reversed in part. The finding of delinquency based on gross sexual imposition, and disposition thereon, is affirmed. The assault and aggravated menacing portions of the delinquency finding are hereby reversed and remanded for further proceedings consistent with the opinion herewith.
By: Wise, J. Gwin, P.J., and Edwards, J., concur.