This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Darla Smith ("Smith") appeals from her adjudication as a delinquent child and the revocation of her probation in the Summit County Court of Common Pleas, Juvenile Division. We reverse.
 I.
On August 5, 1999, Smith admitted to complicity to commit robbery, a violation of R.C. 2911.02(A)(3). The court found that Smith was delinquent and sentenced her to six months probation. Smith failed to fulfill the conditions of her probation. On October 3, 2000, the court adjudicated her delinquent for violating her probation, a violation of R.C. 2151.02(B). The court revoked her probation and committed her to the Ohio Department of Youth Services for a minimum period of six months and a maximum term to not exceed her attaining the age of twenty-one.
Smith filed a delayed notice of appeal from the August 5, 1999 judgment, and a timely notice of appeal from the October 3, 2000 judgment. This court granted the delayed appeal and consolidated the two appeals.
 II.
Assignment of Error No. 1:
 THE APPELLANT DID NOT ENTER A KNOWING, INTELLIGENT AND VOLUNTARY ADMISSION TO THE COMPLAINT OF COMPLICITY TO COMMIT ROBBERY WHEN THE TRIAL COURT FAILED TO DETERMINE THAT THE APPELLANT UNDERSTOOD THE NATURE OF THE ALLEGATIONS AND THE APPELLANT UNDERSTOOD THAT SHE WAS WAIVING HER CONSTITUTIONAL RIGHTS WHEN ENTERING AN ADMISSION.
In her first assignment of error, Smith challenges her admission to the complaint of complicity to commit robbery. She argues: 1) that the admission was not a knowing, intelligent or voluntary admission, 2) that she did not understand the nature of the allegations in the complaint and 3) that she did not understand that an admission waived her constitutional rights.
Juv.R. 29(D) states, in pertinent part, that:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
In a delinquency case, "an admission is similar to a guilty plea made by an adult pursuant to Crim.R. 11(C), in that it constitutes `a waiver of rights to challenge the allegations [in the complaint].'" In reChristopher R. (1995), 101 Ohio App.3d 245, 247, citing State v. Penrod
(1989), 62 Ohio App.3d 720, 723. Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In re McKenzie (1995), 102 Ohio App.3d 275, 277.
In accepting an admission from a juvenile, the court is required to personally address the juvenile and conduct an on-the-record discussion to determine whether the admission is being made voluntarily and with an understanding of the nature of the allegations and the possible consequences of the admission. Juv.R. 29(D)(1); McKenzie,102 Ohio App.3d at 277. The juvenile court is also obligated to apprise the juvenile of the rights she is waiving by entering the admission, such as the right to challenge the witnesses and evidence against her, to remain silent, and to introduce evidence at the adjudicatory hearing. Juv.R. 29(D)(2); In reJenkins (1995), 101 Ohio App.3d 177, 180. "The failure of a juvenile court to substantially comply with Juv.R. 29(D) * * * [necessitates] a reversal of the adjudication so that the juvenile may plead anew."Jenkins, 101 Ohio App.3d at 180, see also State v. Billups (1979),57 Ohio St.2d 31, 38.
Juv. R. 37(A) requires the juvenile court to make a record of adjudicatory and dispositional hearings in delinquency cases. In the present case, the adjudicatory hearing was tape-recorded. It is undisputed that the tape recording was inadvertently destroyed. Therefore, the record is silent regarding the proceeding at which Smith admitted to the charge of complicity to commit robbery. The record does contain a journal entry of the admission, however "a journal entry is not a substitute for a recording of the proceedings." In re Hoover (Sept. 27, 2000), Summit App. No. 19284, unreported, at 4, citing State v.Minor (1979), 64 Ohio App.2d 129, 131.
We recently had the opportunity to review the knowing, voluntary and intelligent nature of a juvenile's admission when there is no record of proceedings from the juvenile court. We held that "[w]hen faced with a silent record, the burden shifted to the State to show Appellant voluntarily waived his right to trial and entered a knowingly, voluntarily, and intelligently plea." Hoover, Summit App. No. 19284, unreported, at 4, citing Boykin v. Alabama (1969), 395 U.S. 238,242-244, 23 L.Ed.2d 274, 279-280.
The state has failed to meet its burden that Smith's admission was made knowingly, voluntarily and intelligently. Accordingly, Smith's first assignment of error is sustained. The judgment of the juvenile court is reversed, the admission is vacated and the cause is remanded so that Smith may enter a new admission or denial to the complaint.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ADOPTED THE MAGISTRATE'S DECISION OF AUGUST 3, [1999] WITH NO INDICATION THAT THE MAGISTRATE HAD ADDRESSED THE JUVENILE PERSONALLY AND HAD DETERMINED THAT SHE UNDERSTOOD THE NATURE OF THE ALLEGATIONS AND CONSEQUENCES OF ADMISSION AND THAT SHE KNOWINGLY AND VOLUNTARILY ENTERED [sic] ADMISSION.
In her second assignment of error, Smith argues that the trial court committed plain error by adopting the magistrate's decision.
This issue has been rendered moot by our disposition of Smith's first assignment of error, and it need not be addressed further by this Court.
 IV.
Smith's first assignment of error is sustained. The August 5, 1999 judgment of the juvenile court is reversed, the admission is vacated and the cause is remanded so that Smith may enter a new admission or denial to the complaint.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ WILLIAM R. BAIRD
SLABY, J., WHITMORE, J. CONCUR.