{¶ 30} I respectfully dissent from the majority as to its analysis and disposition of the first and second assignments of error.
{¶ 31} Upon consideration of the record, I would conclude that the trial court, prior to accepting appellant's admissions, did not substantially comply with Juv. R. 29(D).
{¶ 32} As stated by the majority in its opinion, Juv. R. 29(D)(1) provides that before accepting an admission, the trial court must make sure that the party making the admission understands not only the nature of the allegations, but also the consequences of the admission. In the case sub judice, there is no evidence in the record that appellant was ever informed of the penalties that he might face by making the admissions. For such reason, I would find that the trial court violated appellant's due process rights by accepting appellant's admissions without complying with Juv. R. 29(D) and would, therefore, reverse. SeeIn Re Beechler (1996), 115 Ohio App.3d 567.
{¶ 33} Furthermore, I would find that the trial court failed to fully inform appellant that, by admitting the charges, he was waiving his right to a trial. At the November 16, 2001, hearing, the trial court stated on the record, in relevant part, as follows:
 {¶ 34} COURT: This is 895 and 928 in the matter of William Lane. We are here for pre-trial today. William is here with his Attorney Susan Engle, his mother is here, and Dr. Shannon is here with us from the Alternative School where William has been placed. William, do you remember the rights that I explained to you when you were here the first time about having a right to a lawyer and having a right to a trial, do you remember those things?
{¶ 35} WILLIAM LANE: Yeah.
 {¶ 36} COURT: If you admit anything today, if you admit any of these charges today, you're waiving or giving up those rights, do you understand that?
{¶ 37} WILLIAM LANE: Yeah.
{¶ 38} Transcript at 21. (Emphasis added.)
{¶ 39} At the time of the November 16, 2001, hearing appellant was a 12 year old special education student who had first appeared before the court on November 2, 2001. Based on the foregoing, it is unlikely that appellant would be able to recall rights that were explained to him two weeks before.
{¶ 40} For the foregoing reasons, I would sustain appellant's first and second assignments of error and reverse this matter for further proceedings.