JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant M.F.[1] ("defendant") appeals from a decision of the Cuyahoga County Common Pleas Court Juvenile Division finding him to be a delinquent child and committing him to the Ohio Department of Youth Services ("ODYS"). For the following reasons, we affirm the judgment of the trial court. On October 2, 2002, defendant appeared before the Juvenile Court and entered admissions to complaints of parole violation and failure to comply with an order or signal of a police officer. The admissions were the result of a plea agreement on behalf of defendant as complaints were originally filed for receiving stolen property, failure to comply and parole violation. On October 8, 2002, defendant was committed to the ODYS for concurrent terms of six months to the age of twenty-one.
 {¶ 2} Defendant now appeals his adjudication as a delinquent child and commitment to ODYS and raises the following assignments of error for review:
 {¶ 3} "I. The trial court committed reversible error by failing to determine that appellant understood the nature of the charge against him (failure to comply) before accepting his admission. 14th Amendment, Constitution of the United States; Article I, Section 16, Constitution of the State of Ohio; Juv.R. 29(D).
 {¶ 4} "II. The trial court committed reversible error by failing to correctly advise appellant of the maximum penalty involved before accepting his admission. 14th Amendment, Constitution of the United States; Article I, Section 16, Constitution of the State of Ohio; Juv. R.29(D).
 {¶ 5} "III. The trial court committed reversible error by failing to adequately inform appellant of the right to compulsory process; merely informing appellant that he had `the right to bring in witnesses' was insufficient to satisfy the requirements of the 6th Amendment to the Constitution of the United States, Article I, Section 10, of the Constitution of the State of Ohio and Juv.R. 29(D) because it failed to convey the crucial notion that the accused would have the benefit of the subpoena power in obtaining his evidence for presentation."
 {¶ 6} Juv.R. 29(D) requires the court to determine whether: (1) the party is making the admission voluntarily with understanding of the nature of the allegation and the consequences of the admission; (2) the party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 {¶ 7} An admission in a delinquency case is similar to a guilty plea entered by an adult in a criminal case in that it involves a waiver of the juvenile's right to challenge the allegations of the complaint and to confront witnesses. In re Christopher (1995), 101 Ohio App.3d 245,247. Juv.R. 29(D) is analogous to Crim.R. 11(C)(2) in that, before accepting an admission of guilt, the trial court must personally address the juvenile on the record with respect to the areas of inquiry set forth in the rule. In re McKenzie (1995), 102 Ohio App.3d 275, 277; In reJenkins (1995), 101 Ohio App.3d 177, 179. While strict adherence to the procedures imposed by the rule is not constitutionally mandated, the court must substantially comply with the provisions of the rule. Id. The failure of a court to substantially comply with the requirements of the rule constitutes prejudicial error, requiring reversal of the adjudication in order to permit the party to enter a new plea. Id.Here, the State argues that defendant has failed to preserve these three issues for appeal because he did not attempt to withdraw his admission before the trial court. We agree. The record fails to show that defendant sought to withdraw his plea at any time before this appeal. This Court has previously held that the failure to seek a withdrawl of an admission constitutes waiver of a Juv.R. 29(D) issue on appeal. In re Nicholson, supra at 303; State v. Betances (July 10, 1997), Cuyahoga App. No. 70786; State v. Stokes (March 7, 1996), Cuyahoga App. No. 69032. Accordingly, we are precluded from reviewing defendant's assignments of error because he did not first attempt to withdraw the plea before the trial court. Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and PATRICIA A. BLACKMON, J., concur.
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy.