DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, John Jenkins, appeals from the judgment in the Summit County Court of Common Pleas, Juvenile Division, that denied his motion to withdraw his admission of guilt. We affirm.
 i. {¶ 2} On September 20, 2002, a complaint was filed in the juvenile court alleging that Mr. Jenkins was a delinquent child. The complaint charged Mr. Jenkins with rape, in violation of R.C.2907.02(A)(2). The record indicates that Mr. Jenkins was on probation at the time of the alleged rape. At the adjudication hearing, Mr. Jenkins entered an admission to the rape and probation violation charges. Thereafter, the trial court accepted the magistrate's proposed decision and found Mr. Jenkins to be a delinquent child. The trial court then committed him to the Ohio Department of Youth Services for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed Mr. Jenkins' attainment of the age of twenty-one years.
 {¶ 3} Mr. Jenkins timely appealed to this Court. He then moved to withdraw his admission of guilt with the trial court, and asked this Court to stay his appeal pending the trial court's consideration of his motion. This Court granted his motion to stay and remanded his case to the trial court to render its decision regarding Mr. Jenkins' motion to withdraw his admission of guilt. The trial court denied his motion to withdraw his admission. Mr. Jenkins amended his notice of appeal, and he asserts two assignments of error for review.
 II. A. First Assignment of Error
"[Mr. Jenkins] was incompetent to enter an admission and so he was denied his due process rights guaranteed by the FourteenthAmendment to the United States Constitution, and Article I, §16 of the Ohio Constitution.
"Although the court entered into colloquy pertaining to rights as required by [Juv.r.] 29 said advise [sic.] of rights was insufficient and [mr. jenkins] was not sufficiently mentally enabled [sic.] to understand the rights he was giving up particularly when he denied doing the offense in the risk offender assessment when asked about the facts of the offense.
"Before accepting a juvenile's admission, the Magistrate of court must personally address the juvenile to ensure that he or she has been meaningfully informed of the Juv.r. 29(d)(2) rights and the effect of a waiver of those rights and this the court failed to do relative to [Mr. Jenkins'] abilities. (Emphasis sic.)"
 {¶ 4} In his first assignment of error, Mr. Jenkins contends that the trial court failed to adequately and sufficiently advise him of the consequences of his admission as required by Juv.R. 29. Furthermore, Mr. Jenkins contends that the record does not reflect that he understood the implications of entering a guilty plea. As such, Mr. Jenkins contends that the trial court erred when it denied his motion to withdraw his admission of guilt. We disagree.
 {¶ 5} Crim.R. 1(C)(5) provides that the Rules of Criminal Procedure explicitly do not apply to "juvenile proceedings against a child[.]" "Issues involving the withdrawal of a plea of admit under Juv.R. 29(C) should be analyzed according to the Rules of Juvenile Procedure and the constitutional protections springing therefrom which may be applicable to both adult and juvenile criminal prosecutions." In re L.D. (Dec. 13, 2001), 8th Dist. No. 78750. Accordingly, an appellate court should proceed to address an assigned error regarding a motion to withdraw an admission under a Juv.R. 29(D) analysis. See In reMcElfresh, 7th Dist. No. 02 BA 12, 2003-Ohio-1079, quoting Inre L.D., supra.
 {¶ 6} Juv.R. 29(D) governs adjudicatory hearings and states, in pertinent part:
"The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 7} In a delinquency case, "an admission is similar to a guilty plea made by an adult pursuant to Crim.R. 11(C), in that it constitutes `a waiver of rights to challenge the allegations [in the complaint].'" In re Christopher R. (1995),101 Ohio App.3d 245, 247, quoting State v. Penrod (1989),62 Ohio App.3d 720, 723. Crim.R. 11 and Juv.R. 29 require the trial court to make thorough inquiries to insure that the admission or guilty plea is entered voluntarily and knowingly. In re McKenzie
(1995), 102 Ohio App.3d 275, 277.
 {¶ 8} Before the court may accept a juvenile's admission, the court must personally address the juvenile and conduct an on-the-record discussion to ascertain whether the admission is voluntary and is made with an understanding of the nature of the allegations and the possible ramifications of the admission. Juv.R. 29(D)(1); In re McKenzie, 102 Ohio App.3d at 277. The test for ascertaining the juvenile's understanding is subjective, rather than objective. In re Beechler (1996),115 Ohio App.3d 567, 571. Further, the court must inform the juvenile of the rights he is waiving by entering the admission, such as the rights to challenge the witnesses and evidence against him, to remain silent, and to introduce evidence at the adjudicatory hearing. Juv.R. 29(D)(2); In re Jenkins (1995),101 Ohio App.3d 177, 180.
 {¶ 9} The trial court need not strictly adhere to the procedures imposed by these rules; however, the trial court must substantially comply with their provisions. See State v.Billups (1979), 57 Ohio St.2d 31, 38; In re Christopher R.,101 Ohio App.3d at 247-248; In re Jenkins,101 Ohio App.3d at 179-180. If the trial court does not substantially comply with Juv.R. 29(D), the adjudication must be reversed to allow the minor to "`plead anew.'" In re Christoper R.,101 Ohio App.3d at 248, quoting In re Meyer (Jan. 15, 1992), 1st Dist. Nos. C-910292 and C-910404.
 {¶ 10} In the instant case, the following colloquy occurred between the court and Mr. Jenkins:
"THE COURT: [Mr. Jenkins], you have the right to have a trial on the new charge of rape and you have the right to have a hearing on the allegation that you have violated your probation. At those hearings, the burden of proof would be on the prosecutor to prove these allegations, * * * bring in any witnesses who would testify, and then your lawyer would have the chance to cross-examine or ask questions of any of those witnesses that would come to court. Do you understand that?
"MR. JENKINS: Yes.
"THE COURT: Your lawyer could also subpoena witnesses or bring in witnesses that could testify for you or present any evidence that could help you out with these two cases, but if we had a trial, you would not have to testify or say anything unless you wanted to. Do you understand that?
"MR. JENKINS: Yes.
"THE COURT: [Mr. Jenkins], the rape charge is a felony of the first degree. What that means is that the most serious thing that could happen on that charge is you could be sent to DYS, which is prison for juveniles, for a minimum of one year, maximum to the age of 21. Do you understand that?
"MR. JENKINS: Yes.
"THE COURT: On the probation violation, the most serious thing that could happen to you is that you could be sent to DYS for a minimum of six months, maximum to the age of 21. Do you understand that?
"MR. JENKINS: Yes.
"THE COURT: Do you have any questions?
"MR. JENKINS: No.
"THE COURT: We'll start first with the rape charge. Having those rights in mind I just explained to you, what is your plea to that charge, meaning do you admit or deny the rape?
"MR. JENKINS: I admit.
"THE COURT: And the probation violation?
"MR. JENKINS: I admit.
"THE COURT: You understand, [Mr. Jenkins], that by admitting to these two charges, you give up your right to have a trial. That means witnesses won't be coming in, because you admit you did these things. Do you understand? Has anyone promised you anything to get you to admit?
"MR. JENKINS: No.
"THE COURT: Anyone forcing you to admit?
"MR. JENKINS: No.
"THE COURT: The court finds that you knowingly, voluntarily and intelligently waived your right to a trial and admitted the probation violation and the [rape] charge."
 {¶ 11} We find that a comprehensive inquiry was conducted in substantial compliance with Juv.R. 29(D). See Billups,57 Ohio St.2d at 38; In re Christopher R., 101 Ohio App.3d at 247-248;In re Jenkins, 101 Ohio App.3d at 179-180. Specifically, the court questioned Mr. Jenkins concerning his awareness of the charge against him, the possible penalties stemming from his admission, and the rights that he would be waiving by entering an admission. Furthermore, there is nothing in the record to support Mr. Jenkins' contention that he did not understand the implications of entering a guilty plea. As such, we conclude that the trial court did not err when it denied Mr. Jenkins' motion to withdraw his admission of guilt. Accordingly, Mr. Jenkins' first assignment of error is overruled.
 B. Second Assignment of Error
"[Mr. Jenkins] was afforded ineffective assistance of counsel in that counsel failed to raise the issue of competency and [Mr. Jenkins'] denial of the offense[.]"
 {¶ 12} In his second assignment of error, Mr. Jenkins avers that his competency was at issue and, therefore, his counsel's failure to raise the issue of his lack of competence denied him effective assistance of counsel. Mr. Jenkins' averment lacks merit.
 {¶ 13} An accused juvenile has a constitutional right to counsel, and the same rights to effective assistance of counsel as an adult criminal defendant. In re Gault (1967), 387 U.S. 1,41, 18 L.Ed.2d 527; In re Dunham (Nov. 7, 1997), 1st Dist. Nos. C-960399 and C-960400. The standard for determining whether counsel was ineffective in actions affecting orders of dispositions made by juvenile courts is the same as that applied in criminal cases. In re Rackley (July 16, 1997), 9th Dist. No. 18139.
 {¶ 14} The United States Supreme Court enunciated a two-part test to determine whether counsel's assistance was ineffective as to justify a reversal of sentence or conviction. Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674. "First, the defendant must show that counsel's performance was deficient." Id. To show the deficiencies in counsel's performance, a defendant must prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, a defendant must establish that counsel's deficient performance resulted in prejudice to the defendant which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance. See State v. DeNardis (Dec. 29, 1993), 9th Dist. No. 2245.
 {¶ 15} Upon reviewing counsel's performance, there is a strong presumption that counsel's actions were part of a valid trial strategy. Strickland, 466 U.S. at 689. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." Statev. Watson (July 30, 1997), 9th Dist. No. 18215. We note that there are numerous avenues in which counsel can provide effective assistance of counsel in any given case, and debatable trial strategies do not constitute ineffective assistance of counsel.State v. Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541;State v. Clayton (1980), 62 Ohio St.2d 45, 49. A defendant should put forth a showing of a substantial violation of an essential duty. Watson, supra.
 {¶ 16} Prejudice entails a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The court is also to consider "`the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 49, quoting Strickland, 466 U.S. at 690. An appellate court may analyze the second prong of the Strickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. See State v. Loza,71 Ohio St.3d 61, 83, 1994-Ohio-409.
 {¶ 17} Mr. Jenkins argues that his counsel should have suggested to the court that a competency issue existed as to Mr. Jenkins. However, the record indicates that the court was made aware of the state of Mr. Jenkins' competency. Particularly, the court learned that Mr. Jenkins was diagnosed with bipolar disorder and attention deficit hyperactive disorder. Furthermore, the record does not indicate, nor does Mr. Jenkins demonstrate, that these disorders affected Mr. Jenkins' understanding of the issues involved in his case. The record reveals that the trial court questioned Mr. Jenkins regarding his understanding of the charges against him, the possible penalties, and his constitutional rights; the court further asked Mr. Jenkins if he had any questions. Mr. Jenkins responded, and asserted that he understood the charges, the possible penalties, and his rights. He also declined to ask any questions.
 {¶ 18} Additionally, we find that Mr. Jenkins has failed to illustrate to this Court how he has been prejudiced by his attorney's actions. Therefore, we conclude that counsel's performance did not constitute ineffective assistance of counsel. Accordingly, Mr. Jenkins' second assignment of error is overruled.
 III. {¶ 19} Mr. Jenkins' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
Whitmore, J. concurs.