This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Donald J. Woodson, Jr., appeals from his adjudication as a delinquent child in the Lorain County Court of Common Pleas, Juvenile Division. We affirm.
On March 3, 1998, a complaint was filed in the Huron County Court of Common Pleas, Juvenile Division, alleging that Woodson was delinquent for having committed a crime that, if committed by an adult, would constitute gross sexual imposition, in violation of R.C. 2907.05(A)(4). Because Woodson lived in Lorain County, the matter was transferred to the Lorain County Court of Common Pleas, Juvenile Division. On April 1, 1998, an adjudicatory hearing was held pursuant to Juv.R. 29. At the hearing, Woodson waived his right to counsel and admitted to the charge. He was then adjudicated delinquent. A disposition hearing was held on May 1, 1998. The juvenile court again asked Woodson if he was waiving his right to counsel, and Woodson replied that he was. The juvenile court then committed him to the Department of Youth Services for a period of at least six months, with a maximum commitment until Woodson attained the age of twenty-one. This appeal followed.
Woodson asserts two assignments of error. In his first assignment of error, Woodson argues that the juvenile court erred in accepting his plea of admission because the plea was not voluntary, knowing, and intelligent. In his second assignment of error, Woodson argues that his waiver of counsel was not voluntary, knowing, and intelligent. Because these assignments of error are related, we will address them together.
Under R.C. 2151.352 and Juv.R. 4(A), a juvenile is entitled to representation by counsel at all stages of a delinquency proceeding. Juv.R. 29(B) requires the juvenile court to perform certain duties at the beginning of an adjudicatory hearing, including:
 (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
 (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel; [and]
* * *
 (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon, request, to have a record of all proceedings made, at public expense if indigent.
If a juvenile enters an admission, the juvenile court must further comply with Juv.R. 29(D):
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with the understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
A juvenile court will not be reversed so long as it substantially complies with the strictures of Juv.R. 29. In re Beechler (1996),115 Ohio App.3d 567, 572.
The transcript from the April 1, 1998 adjudicatory hearing discloses that the magistrate substantially complied with Juv.R. 29(B) and (D). The magistrate addressed Woodson personally and informed him of his right to an attorney and that he would be provided an attorney if he could not afford one. Woodson twice responded that he wanted to proceed without an attorney. The magistrate also verified that Woodson understood the complaint and the charge against him, the possible consequences of an admission, and all the rights attendant to a trial that he would give up by admitting the charge. Woodson indicated that he understood all this and entered an admission to the charge. The transcript from the May 1, 1998 disposition hearing further shows that the juvenile court again appraised Woodson of his right to counsel at that time, and Woodson again waived that right. Both Woodson's waiver of his right to counsel and his plea of admission were given voluntarily, knowingly, and intelligently.
Woodson argues that the juvenile court's explanations should have been more thorough and its questions more probing. For example, he contends that the juvenile court should have inquired as to why he was admitting to the charge against him. These arguments are without merit. The record before us shows substantial compliance with Juv.R. 29; any additional inquiries are not required. Woodson's first and second assignments of error are overruled.
Woodson's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)