OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the Appellant's brief. Appellant, Larry McElfresh, appeals the decision of the Belmont County Court of Common Pleas denying his post-sentence motion to vacate his guilty plea and his petition for post-conviction relief. Larry claims his parents coerced him into admitting to two counts of raping his younger sister. In support of this contention, Larry has testified his parents did sexual things with both himself and his siblings.
 {¶ 2} The issue we must decide is whether the trial court abused its discretion in denying those motions and finding that Larry failed to either demonstrate he was prejudiced by his parents' actions or that he would suffer a substantial injustice. Appellee State of Ohio has not filed a brief in this matter. Therefore, this court may accept Larry's statement of facts and issues as correct and reverse the judgment if such action reasonably appears to be supported by Larry's brief. App.R.18(C). Because Larry failed to present adequate facts supporting his contentions, we must affirm the decision of the trial court.
 {¶ 3} On January 18, 2000, a delinquency complaint was filed against Larry charging him with four counts of rape. At the time of the alleged incidents, Larry had been living with his parents, his grandmother and his younger brother and sister. Larry was eleven years old and the alleged victim was his eight year-old sister. After the complaint was filed, Larry remained in his parents' home and his sister was moved elsewhere.
 {¶ 4} After allegations of disruptive behavior, a hearing was held at which time the father testified via telephone that Larry should be detained and the daughter should remain at home. Larry was then placed into detention for almost two months. On April 6, 2000, Larry was returned to the custody of his parents.
 {¶ 5} On April 17, 2000, Larry admitted to two counts of delinquency by virtue of rape. The case proceeded immediately to disposition and Larry was given a suspended commitment to the Department of Youth Services on each count with a minimum one year to be served on each. He was sent home with significant counseling recommendations and other terms of probation.
 {¶ 6} Within one month after Larry was sent home, his probation officer filed a motion to revoke his probation alleging that Larry had assaulted his sister and had failed to behave at school or at home. Larry admitted to violating the terms of his probation in exchange for his placement in a local, therapeutic group home. This pattern of behavior continued and Larry was again brought before the court. Once again, Larry was sent to the detention center for ninety days and then back to the therapeutic home. Still, Larry continued to misbehave.
 {¶ 7} The trial court set the matter for further disposition. Sometime before the next hearing, Larry's counsel allegedly discovered Larry's parents had been indicted and subsequently convicted for engaging in sexual relationships with all three of their minor children.
 {¶ 8} After this alleged discovery by Larry's counsel, a motion for a new trial and for post-conviction relief were filed on Larry's behalf. The trial court heard the motion on February 28, 2002. On March 4, 2002, the trial court denied each request and scheduled the case for disposition. On March 7, 2002, the trial court committed Larry to the custody of the Department of Youth Services for an indefinite term consisting of a one-year minimum and a maximum period not to exceed Larry's obtaining the age of twenty-one. This timely appeal followed.
 {¶ 9} As his first assignment of error, Larry asserts:
 {¶ 10} "The trial court abused its discretion and committed prejudicial error in overruling the petition for postconviction relief and motion for new trial."
 {¶ 11} Although Larry refers to his motion as one for a new trial and petition for post-conviction relief, the essence of the first is a motion to withdraw a plea. In fact, Larry states his motion is based upon Crim.R. 32.1 which specifically deals with motions to withdraw pleas. Accordingly, it was treated by the trial court as such.
 {¶ 12} While Larry has argued this appeal as though it concerned the denial of a motion to withdraw a guilty plea under Crim.R. 32.1, Crim.R. 1(C)(5), provides that the Rules of Criminal Procedure explicitly do not apply to "juvenile proceedings against a child." "Issues involving the withdrawal of a plea of `admit' under Juv.R. 29(C) should be analyzed according to the Rules of Juvenile Procedure and the constitutional protections springing therefrom which may be applicable to both adult and juvenile criminal prosecutions." In re L.D. (Dec. 13, 2001), 8th Dist. No. 78750, at 1. Accordingly, we will proceed to address his assignment of error, as did the trial court, under a Juv.R. 29 analysis. See Id.
 {¶ 13} Juv.R. 29(D) provides:
 {¶ 14} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 15} The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admissions;
 {¶ 16} The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 17} When reviewing an alleged Juv.R. 29 error, "a juvenile court will not be reversed so long as it substantially complies with the requirements of Juv.R. 29." In re Beechler (1996), 115 Ohio App.3d 567,572, 685 N.E.2d 1257. Here, Larry has not argued that the court improperly instructed him with regard to his plea in violation of Juv.R. 29(D) but instead claims he was being counseled and advised by his parents who had "ostensibly trained him in his abusive ways." Larry asserts in his brief to this court, "It is clear a different result would have been achieved had the conduct of the parents been discovered." The substance of his argument to us and the trial court is that his statements regarding the voluntariness of his plea should be given little if any credibility.
 {¶ 18} At the hearing on Larry's motion the following dialogue took place between Larry and his attorney:
 {¶ 19} "Q: Now, Larry at the time of when all of this happened, both the charges in this case and also your decisions that you made after the case was filed, were your parents doing um, sexual things with you and the children?
 {¶ 20} "A: Yes sir.
 {¶ 21} "Q: Had they raised you to believe that that was appropriate?
 {¶ 22} "A: Yes sir.
 {¶ 23} "Q: But for what your parents told you Larry, would you as far (sic) to plea guilty in this case or to admit to delinquency in this case, would you have done that? Did your parents advice affect your decisions in this case?
 {¶ 24} "A: No sir. I don't know."
 {¶ 25} The dialogue later continued:
 {¶ 26} "Q: Your father told you to plea (sic) guilty in this case and get it over with didn't he?
 {¶ 27} "A: Yes, sir. * * *
 {¶ 28} "Q: Did you read that, the papers that I filed and sent with you?
 {¶ 29} "A: Yes sir.
 {¶ 30} "Q: Do you agree with the statements that I made in there about what your parents did to you?
 {¶ 31} "A: Yes sir.
 {¶ 32} "Q: And that they counseled you to do what you did in this case to get it over with the way it was resolved?
 {¶ 33} "A: Yes sir."
 {¶ 34} Although Larry testified his parents were apparently engaging in sexual activity with the children and advised him to enter an admission, he did not testify that his parents coerced him into following their advice, by engaging in sexual activity or any other means. After hearing this testimony, the trial court stated in its judgment entry:
 {¶ 35} "The attorney for the juvenile argued that the parents coerced the juvenile into admitting to two counts of rape. This coercion by the parents was presumably to divert any investigation or suspicion from the parents. No evidence of this fact was presented in court. Although argument along these lines was made by the juvenile's attorney."
 {¶ 36} Larry argues that, given these circumstances, a manifest injustice will occur if his plea is not withdrawn. "[T]here can be no question but that Larry's parents were at all times advocating their best interests rather than the interests of their son. Moreover, how can it be said that this child knowingly, voluntarily, and intelligently waived any and/or all of his rights, given the aforementioned influence. In essence, as an 11 year old boy, he was being counseled by the people who were, in fact, engaged in the improper conduct with him. How can it be said that he could have even appreciated the wrongfulness of his conduct as it had been coached by his parents."
 {¶ 37} Larry's allegations may, in fact, be true. However, we are an appellate court restricted by rules of procedure. We cannot reverse the decision of a trial court solely because of admittedly troubling but nonetheless self-serving statements made by a party's attorney which are unsupported by the record. In this case, there was simply no evidence in the record demonstrating that Larry was coerced into pleading guilty to the two counts of rape. Consequently, we must conclude the trial court did not abuse its discretion in failing to vacate the plea.
 {¶ 38} In the alternative, Larry argues he should have been granted post-conviction relief based upon this new information that was unavailable to Larry's counsel at the time of his plea. Larry cites to R.C. 2953.21 which provides in part:
 {¶ 39} "(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
 {¶ 40} However, R.C. 2953.21(A)(2) requires that petitions shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal, or, if no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. The petition in this case was filed well beyond the 180 day limit. Therefore R.C. 2953.23, which deals with untimely filed petitions is controlling here.
 {¶ 41} "[A] court may not entertain a petition filed after the expiration of the period prescribed * * * unless both of the following conditions apply:
 {¶ 42} "(1) Either of the following applies:
 {¶ 43} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 44} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 45} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A).
 {¶ 46} Larry's petition fails to address either the issue of untimeliness or the significance of any constitutional violation that may have occurred. Consequently, we again must conclude the trial court did not error by refusing to grant the untimely petition for post-conviction relief. Larry's first assignment of error is without merit.
 {¶ 47} As his second assignment of error, Larry asserts:
 {¶ 48} "The trial court abused its discretion and committed prejudicial error in revoking probation and ordering the Appellant committed to the Department of Youth Services."
 {¶ 49} In support of this assertion, Larry offers much the same argument as was given in support of his first assignment of error. Larry claims the trial court had the option to revoke Larry's probation and abused its discretion by committing Larry after discovering the criminal conduct of his parents.
 {¶ 50} "The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified." Juv.R. 35(B)
 {¶ 51} A review of the record reveals the trial court followed the proper procedure in revoking Larry's probation since Larry was repeatedly brought back into court and warned that if his improper behavior did not cease, he would be sent to the Department of Youth Services. However, it does not appear Larry is complaining that the proper procedure was not followed. Rather, Larry argues that because of his parents' behavior, he should not be held totally accountable for the two counts of rape against his sister.
 {¶ 52} Once again, we find that Larry has failed to present adequate evidence in support of these assertions and conclude that Larry's second assignment of error is also without merit.
 {¶ 53} Accordingly, the decision of the trial court is affirmed.
Judgment affirmed.
Waite, P.J., and Vukovich, J., concur.