JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, D.M., (the juvenile) appeals the juvenile court's acceptance of his admission to trafficking in cocaine and escape. D.M. was seventeen years and four months old when the hearing on these charges was held. He has been in county custody since he was five years old, and his mother is currently in prison. His father, who was released from prison approximately one year before this hearing, has taken an interest in the current proceedings.
 {¶ 2} The juvenile has a history of escaping from any placement less confining than full institutionalization. After a long discussion on the record, with recommendations from the juvenile's attorney, his social worker, and the prosecutor, the court determined that the best placement for him was in the Department of Youth Services. The court also ordered him either to complete high school or to earn his GED and to be given additional vocational training and individual counseling while he is detained.
 {¶ 3} The juvenile states one assignment of error: I. The court erred during the adjudicatory hearing by failing to follow the mandates of Juv.R. 29.
 {¶ 4} The juvenile argues that the court failed, first, to provide the necessary notice to all the requisite parties, specifically, his father, second, to determine that the juvenile's admission was voluntary, and, third, to properly inform him of the substance of the complaint, the purpose of the hearing, and the possible consequences of the hearing.
 {¶ 5} Juv.R. 29 states in pertinent part:
 {¶ 6} B) Advisement and findings at the commencement of the hearing. At the beginning of the hearing, the court shall do all of the following:
 {¶ 7} (1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;
 {¶ 8} (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv. R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
 {¶ 9} * * *
 {¶ 10} (C) Entry of admission or denial.
 {¶ 11} The court shall request each party against whom allegations are being made in the complaint to admit or deny the allegations. A failure or refusal to admit the allegations shall be deemed a denial, except in cases where the court consents to entry of a plea of no contest.
 {¶ 12} (D) Initial procedure upon entry of an admission.
 {¶ 13} The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 14} (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 15} (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 {¶ 16} The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule.
 {¶ 17} * * *
 {¶ 18} (F) Procedure upon determination of the issues.
 {¶ 19} Upon the determination of the issues, the court shall do one of the following:
 {¶ 20} * * *
 {¶ 21} (2) If the allegations of the complaint, indictment, or information are admitted or proven, do any one of the following, unless precluded by statute:
 {¶ 22} (a) Enter an adjudication and proceed forthwith to disposition * * *.
 {¶ 23} Further, R.C. 2151.28(C)(1) mandates, "[t]he court shall direct the issuance of a summons directed to the child except as provided by this section, the parents, guardian, custodian, or other person with whom the child may be, and any other persons that appear to the court to be proper or necessary parties to the proceedings, requiring them to appear before the court at the time fixed to answer the allegations of the complaint." (Emphasis added.)
 {¶ 24} The juvenile first complains that the notice requirements were not met because his father was not notified or present. The record shows, however, that the juvenile was in permanent county custody and had a guardian who was not his father. The guardian was served at 2955 Euclid Avenue, the address listed for both spellings of the name (James McCafferty and McCaffert.) Mike LaVelle signed the service over one month prior to the hearing.
 {¶ 25} The juvenile also complains for the first time on appeal that the notice requirements were not met because the court failed to ascertain on the record that all parties had received notice of the hearing. "An appellate court will not consider any error which a party complaining of a trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." LeFort v. Century21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123, citations omitted. No objection was made at the trial level concerning notification. Further, the juvenile has demonstrated no prejudice arising from this alleged omission.
 {¶ 26} The trial court, moreover, noted the presence of all necessary parties and their roles in the case on the record at the beginning of the hearing. From the presence of all necessary parties, this court may infer proper notification. The juvenile's guardian was properly notified of the hearing and was represented at the hearing. Therefore, no due process violation occurred. Accordingly, this portion of the assignment of error is without merit.
 {¶ 27} Next, the juvenile argues that the court failed to inform him of the purpose of the hearing, the substance of the hearing, and the possible consequences of the hearing as required by Juv.R. 29. We disagree.
 {¶ 28} The court began the hearing by stating that the parties were there on two cases scheduled for trial, and one for a pretrial on parole violation. The court noted the people present, including the social worker for the county, the parole officer, the police officers, and counsel for both sides. As the court stated, "[w]e're scheduled for trial on two of these cases — you left something out, [prosecutor]?" At that point, the prosecutor told the court the express provisions of a plea agreement the parties had reached. After discussion concerning the escape case, which was not ready for trial, the court then addressed the juvenile extensively concerning his rights.
 {¶ 29} The judge did not personally inform the parties of the substance of the complaint. Rather, the judge gave only the case numbers without stating the substance of the charge, before she was interrupted by the prosecutor presenting the plea agreement. Nonetheless, the prosecutor immediately stated on the record the substance of the complaints and that the parties had reached a plea agreement on the escape charge and the trafficking in cocaine charge and had agreed to nolle the obstruction of justice charge, along with the possession of crack cocaine charge.
 {¶ 30} Thus the juvenile heard all the charges for which the hearing was called, as well as the purpose of the proceedings. Furthermore, the prosecutor gave an extensive recitation of all the specifics of each offense, before the juvenile admitted them. The juvenile, therefore, was aware of the substance of the charges against him before he entered his admissions. He does not claim he did not understand the charges. The trial court, therefore, substantially complied with the provisions of Juv.R. 29 at the juvenile's plea hearing. "Strict adherence to the procedures imposed by these [the juvenile] rules is not constitutionally mandated; however, courts have interpreted [the rules] as requiring substantial compliance with their provisions." In re: Kyle Beechler (1996), 115 Ohio App.3d 567, 572. Accordingly, this portion of the assignment of error is without merit.
 {¶ 31} Finally, the juvenile argues that the court failed to determine personally whether his admission was made voluntarily and with an understanding of the nature of the allegations and the consequences of the admission as required by Juv.R. 29(D), which states in pertinent part:
 {¶ 32} (D) Initial procedure upon entry of an admission
 {¶ 33} The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 34} (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 35} (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 {¶ 36} The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule.
 {¶ 37} In the case at bar, the judge discussed the juvenile's rights with him as soon as the prosecutor informed her they had reached a plea agreement:
 {¶ 38} THE COURT: * * * I want to be sure you understand that there are certain rights you're giving up and I just want to go over those with you. First of all, you're giving up the right to have a trial, do you know what a trial is?
 {¶ 39} [THE JUVENILE]: Yes, Your Honor.
 {¶ 40} THE COURT: Would you like to have a trial in these cases?
 {¶ 41} [THE JUVENILE]: No, Your Honor.
 {¶ 42} THE COURT: In addition to giving up your right to have a trial, you're also giving up the right to require that the State of Ohio prove the charges against you by evidence beyond a reasonable doubt. * * * And what that means is that [the prosecutor] need not present any evidence or testimony or witnesses in any of your cases, do you understand that?
 {¶ 43} [THE JUVENILE]: Yes, Your Honor.
 {¶ 44} THE COURT: Is that all right with you?
 {¶ 45} [THE JUVENILE]: Yes, Your Honor.
 {¶ 46} THE COURT: All right. You're also giving up the right to meet your accuser face to face, that's also referred to as the right of confrontation. What that means is you're giving up the right to be able to have Ms. Dobroshi, your attorney, cross-examine witnesses, those persons accusing you of these offenses. The goal of that cross-examination would be to convince me that the witnesses couldn't be believed, that their stories didn't make any sense. That won't be happening, do you understand that?
 {¶ 47} [THE JUVENILE]: Yes, Your Honor.
 {¶ 48} THE COURT: Okay. You're also giving up the right to require that witnesses appear to testify on your behalf, meaning giving up the right to get a subpoena to have witnesses appear. Do you understand that?
 {¶ 49} [THE JUVENILE]: Yes, Your Honor.
 {¶ 50} THE COURT: you're also giving up another very important right, that's the right to remain silent. Meaning that if these cases had gone to trial while I might be able to hear from a lot of other different witnesses, no one could force you to testify. You wouldn't have to say anything. But once you agree to admit to a charge, it's almost as if you are testifying. And I will find you to be delinquent or guilty of these charges based solely upon your statement to me that you did commit these offenses, do you understand that?
 {¶ 51} [THE JUVENILE]: Yes, Your Honor.
 {¶ 52} THE COURT: Do you have any questions about the rights you are giving up?
 {¶ 53} [THE JUVENILE]: No, Your Honor.
 {¶ 54} THE COURT: Anyone threaten or pressure you in any way?
 {¶ 55} [THE JUVENILE]: No, Your Honor.
 {¶ 56} THE COURT: Do you understand that you could face a return to the Ohio Department of Youth Services?
 {¶ 57} [THE JUVENILE]: Yes, Your Honor. Tr. at 3-6.
 {¶ 58} The court then proceeded to address the specific terms it could impose on the juvenile for each particular offense. It also verified again that the juvenile understood the rights he was giving up, that his thinking was clear, and that he had no questions about the proceeding.
 {¶ 59} The prosecutor outlined the specific charges against the juvenile, including the date, persons, and other specifics of the trafficking offense as well as the escape offense. The court then accepted the admissions of the juvenile to each offense and nolled the other two charges. The sequence of events when the court accepted the juvenile's admission fully complied with the requirements of Juv.R. 29(D).
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., concurs in judgment only; PATRICIA A. BLACKMON, J., concurs.