OPINION
{¶ 1} Appellant, Walter Phibbs, appeals from a Mahoning County Common Pleas Court, Juvenile Division decision adjudicating him a delinquent child for trafficking in drugs, corrupting another with drugs, theft, and involuntary manslaughter.
 {¶ 2} On February 4, 2003, appellant took two Kadian pills from his mother. Kadian is a morphine drug. He sold one pill to Paul Graham, Jr. for three dollars and gave him the other pill. The next day, Graham was discovered dead at home. An autopsy revealed the presence of morphine, cocaine, amphetamines, and marijuana in the decedent's body. The coroner concluded that the cause of death was arrhythmia due to combined drug toxicity.
 {¶ 3} A complaint was filed against appellant on May 23, 2003. It alleged that appellant, who was 16 at the time, was a delinquent child based on one count of trafficking in drugs, a third degree felony in violation of R.C. 2925.03; one count of corrupting another with drugs, a second degree felony in violation of R.C. 2925.02; one count of theft, a fourth degree felony in violation of R.C. 2913.02; and one count of involuntary manslaughter, a first degree felony in violation of R.C. 2903.04(A).
 {¶ 4} Appellant entered into stipulations that he illegally obtained morphine tablets from his mother and that he furnished them to Graham. The court subsequently held a hearing and determined that probable cause existed to believe that appellant committed an act that would be involuntary manslaughter if committed by an adult. The parties later agreed to forego a trial and submitted the matter to the court on their briefs arguing the facts of the case.
 {¶ 5} The trial court found that appellant committed the offenses as charged and adjudicated him a delinquent child. It subsequently committed him to the Ohio Department of Youth Services for a minimum of six months for trafficking in drugs, one year for corrupting another with drugs, six months for theft, and three years for involuntary manslaughter. The court ordered that the sentences in counts one and three were to run concurrent with the sentences in counts two and four and that the sentences in counts two and four were to run consecutively for a total sentence of a minimum of four years. Appellant filed a timely notice of appeal on June 10, 2004.
 {¶ 6} Appellant raises six assignments of error. Appellee, the State of Ohio, has conceded error as set out in assignments of error three and four. We will address those assignments of error first as they are dispositive. Appellant's third assignment of error states:
 {¶ 7} "THE TRIAL COURT VIOLATED WALTER PHIBBS' RIGHT TO DUE PROCESS WHEN IT ADJUDICATED HIM DELINQUENT WITHOUT CONDUCTING AN ON-THE-RECORD COLLOQUY ACCORDING TO JUV.R. 29. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29."
 {¶ 8} Appellant argues that the trial court accepted his admission to trafficking in drugs, corrupting another with drugs, and theft without affording him his due process rights. He contends that the court failed to comply with Juv. R. 29(D) because it did not address him personally to determine whether he made his admission voluntarily with an understanding of the allegations against him and the consequences of an admission. Appellant asserts that the court failed to address him personally at all during the hearing.
 {¶ 9} In pertinent part, Juv. R. 29(D) provides:
 {¶ 10} "The court may refuse to accept an admission and shall not
accept an admission without addressing the party personally and determining both of the following:
 {¶ 11} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 12} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." (Emphasis added.)
 {¶ 13} In examining the juvenile court's compliance with Juv. R. 29, this court has stated:
 {¶ 14} "Juv. R. 29(D) imposes a positive obligation upon the trial court to make certain determinations before accepting an admission from a party. The court cannot accept an admission without first addressing the juvenile personally and determining that he or she is making the admission voluntarily, with an understanding of the nature of the allegations and the consequences of entering the admission. Juv. R. 29(D)(1). Furthermore, the court must determine that the juvenile understands that by entering an admission he or she is waiving the right to challenge the witnesses and evidence against him or her, the right to remain silent, and to introduce evidence at the adjudicatory hearing. Juv. R. 29(D)(2). The juvenile court's failure to substantially comply with the requirements of Juv. R. 29 constitutes prejudicial error that requires reversal of the adjudication in order to permit the party to plead anew. In re Beechler (1996), 115 Ohio App.3d 567, 573,685 N.E.2d 1257." In re Adams, 7th Dist. Nos. 01-CA-237, 01-CA-238, 02-CA-120, 2003-Ohio-4112, at ¶ 8.
 {¶ 15} At appellant's probable cause hearing, his attorney informed the court that appellant was stipulating to the charges of trafficking in drugs, corrupting another with drugs, and theft. After an off-the-record conference with counsel, the court stated: "[T]his hearing will deal with evidence being presented on the involuntary manslaughter offense, * * *. Trafficking in drugs and corrupting another with drug charges have been stipulated to." (8/25/03 Tr. 15). Subsequently, appellant and the prosecuting attorney filed joint stipulations. The stipulations included admissions that appellant illegally obtained morphine tablets from his mother in violation of R.C. 2913.02 and that he furnished the morphine to Graham in violation of R.C. 2925.03 and R.C. 2925.02.
 {¶ 16} The trial court failed to comply with any of Juv. R. 29(D)'s requirements. There is no indication on the record that the court ever personally addressed appellant regarding his admission to trafficking in drugs, corrupting another with drugs, or theft. It never inquired of appellant to determine whether he understood the nature of the allegations against him or the consequences of his admission. Furthermore, the court never determined whether appellant was aware that by admitting his actions, he waived the right to challenge witnesses and evidence against him, the right to remain silent, and the right to introduce evidence at an adjudicatory hearing. Thus, appellant's third assignment of error has merit.
 {¶ 17} Appellant's fourth assignment of error states:
 {¶ 18} "THE TRIAL COURT VIOLATED WALTER PHIBBS' RIGHT TO DUE PROCESS WHEN IT ADJUDICATED HIM DELINQUENT WITHOUT CONDUCTING A TRIAL OR OBTAINING A VALID WAIVER OF HIS RIGHT TO TRIAL. FIFTH, SIXTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND16 OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29."
 {¶ 19} Here appellant argues that the trial court failed to comply with Juv. R. 29(D) as it pertains to waiver of the right to a trial. He notes that he never entered an admission to involuntary manslaughter. Appellant contends that he did not intend to waive his right to a trial on this charge.
 {¶ 20} On January 23, 2003, the date for which his trial was to take place, appellant's counsel informed the court:
 {¶ 21} "[A]fter discussions with the prosecution, that we would be okay in the interest of judicial economy and economy for my client with respect to his legal fees, we would like to submit a written brief and argument in support of what we believe our side of the facts, and the State would then be free to submit its brief in arguing its version of the facts for the court's review. You already heard the doctor's testimony of the relevant — the relevant autopsy report at the probable cause hearing. We would submit that transcript for your review under a reasonable doubt standard as well as submission of additional evidence in the form of police reports." (1/23/04 Tr. 3).
 {¶ 22} The trial court agreed with this procedure. It did not address appellant to explain his right to an adjudicatory hearing.
 {¶ 23} Subsequently, both parties filed briefs with the court and various exhibits. The court relied on the submitted evidence and previous testimony, found appellant guilty, and adjudicated him delinquent.
 {¶ 24} Juv. R. 29(D) provides requirements for the court to follow in accepting an admission from a juvenile. As stated above, one of the requirements is that the court determines that the juvenile understands that by entering an admission, he waives the rights to challenge the witnesses and evidence against him, to remain silent, and to introduce evidence at an adjudicatory hearing.
 {¶ 25} Here appellant did not admit to involuntary manslaughter. However, his attorney waived his right to an adjudicatory hearing by agreeing to submit the matter on briefs. The court never personally addressed appellant or inquired of him to determine whether he knowingly and voluntarily wished to waive his right to an adjudicatory hearing. Accordingly, appellant's fourth assignment of error has merit.
 {¶ 26} Appellant's remaining assignments of error state:
 {¶ 27} "THE TRIAL COURT VIOLATED WALTER PHIBBS' RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, AND JUV.R. 29(E)(4) WHEN IT ADJUDICATED HIM DELINQUENT OF INVOLUNTARY MANSLAUGHTER ABSENT PROOF OF EVERY ELEMENT OF THE CHARGE AGAINST HIM BY SUFFICIENT, COMPETENT, AND CREDIBLE EVIDENCE."
 {¶ 28} "THE TRIAL COURT VIOLATED WALTER PHIBBS' RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT ADJUDICATED HIM DELINQUENT OF INVOLUNTARY MANSLAUGHTER, WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 29} "WALTER PHIBBS WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO ENSURE THE COURT RECOGNIZED AND UPHELD WALTER PHIBBS' BASIC RIGHTS TO DUE PROCESS. SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION."
 {¶ 30} "R.C. 2152.17(F) VIOLATES THE EQUAL PROTECTION CLAUSE OF THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION BECAUSE IT DOES NOT REQUIRE THE JUVENILE COURT TO MAKE ANY FINDINGS BEFORE IT IMPOSES A CONSECUTIVE SENTENCE FOR A FELONY OFFENSE IN A JUVENILE DELINQUENCY PROCEEDING."
 {¶ 31} Given our resolution of appellant's third and fourth assignments of error, his remaining assignments of error are moot.
 {¶ 32} For the reasons stated above, the trial court's judgment is hereby reversed and remanded for further proceedings pursuant to law and consistent with this opinion.
Vukovich, J., concurs Waite, J., concurs.