OPINION
{¶ 1} On March 30, 2005, fifteen-year-old J. T. C. was charged in the Miami County Juvenile Court with acts of delinquency, to-wit, one count of attempted rape and one count of gross sexual imposition of his eleven-year-old brother, D. A., and one count of gross sexual imposition of his nine-year-old sister, S. E. On April 21, 2005, J. T. C. appeared in juvenile court with retained counsel and he denied the charges in the complaint. He was placed on house arrest as an alternative to secure detention and the matter was set for pre-trial.
 {¶ 2} On August 8, 2005, J. T. C. appeared in the juvenile court and entered his admissions to the two gross sexual imposition delinquency charges and the State agreed to dismiss the attempted rape charge. On August 23, 2005, new counsel for J. T. C. made his appearance and on October 17, 2005, counsel moved to set aside Appellant's admissions because J. T. C. had the understanding that he would not be subject to the law requiring the court to determine whether he was a juvenile sex offender subject to registration requirements.
 {¶ 3} On November 2, 2005, the juvenile court conducted a hearing on J. T. C.'s motion to withdraw his admissions. On December 22, 2005, the juvenile court overruled J. T. C.'s motion. On January 12, 2006, J. T. C. filed a pre-sentence appeal of the juvenile court's December 22, 2005 decision.
 {¶ 4} On May 3, 2006, we dismissed J. T. C.'s appeal because it was not taken from a final appealable order. On July 26, 2006, the court committed J. T. C. to the Department of Youth Services and the West Central Juvenile Rehabilitation Center but suspended the commitments on the condition that J. T. C. continue with his year-long treatment with Dr. Frederick Peterson, a denial psychologist, and that he not be around younger children without adult supervision. After hearing from Dr. Peterson that J. T. C. represented a low risk of re-offending, the trial court determined that J. T. C. was not a juvenile sex offender subject to registration pursuant to R.C. 2152.83(E).
 {¶ 5} In his first assignment, J. T. C. argues that the trial court erred in overruling his motion to vacate his admissions because they were not made voluntarily and his rights to due process and the effective assistance of counsel were violated. J. T. C. contends the trial court failed to comply with Juv. R. 29(D) (1 ) and (2) because he failed to understand the nature of the allegations against him, failed to understand the consequences of his admissions, had no understanding that Chapter 2950 of the Ohio Revised Code eliminates the confidentiality normally associated with juvenile proceedings, and failed to understand his admissions might subject him to a registration requirement as a juvenile sex offender.
 {¶ 6} Juv.R. 29(D) (1 ) and (2) provides as follows:
 {¶ 7} "(D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 8} "(1 ) The party is making the admission voluntarily with an understanding of the nature of the allegations and consequences of the admission;
 {¶ 9} "(2) The party understands that by entering an admission, the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing. (Emphasis added.)"
 {¶ 10} At the initial arraignment, the trial court read the complaint to J. T. C. and his parents. He was asked if he understood the charges and whether he had received a copy of his legal rights. His counsel was present throughout the arraignment. He informed the court that he had discussed the charges with J. T. C. and his legal rights. His counsel then entered a denial to all charges in J. T. C.'s behalf.
 {¶ 11} At the plea hearing the following occurred:
 {¶ 12} "COURT: [J. T. C] please stand. On April the 21st the Court read the three complaints to you. Would you like the Court to re-read any of those complaints at this time?
 {¶ 13} "J. T. C: No, Your Honor.
 {¶ 14} "COURT: Also, on April the 21st you received a copy of your legal rights in writing. Did you read that paper?
 {¶ 15} "J. T. C: Yes.
 {¶ 16} "COURT: Would you like to review it today?
 {¶ 17} "J. T. C: No.
 {¶ 18} "COURT: Have you thoroughly discussed all of your legal rights with your attorney?
 {¶ 19} "J. T. C: Yes.
 {¶ 20} "COURT: Did you also get the form that explains sex offender registration?
 {¶ 21} "J. T. C: Yes.
 {¶ 22} "COURT: I don't see that form in the file.
 {¶ 23} "GERALD DORNBUSCH: Your Honor, I can go get a copy of it.
 {¶ 24} "COURT: Please do. You understand that if you admit to the two counts of Gross Sexual Imposition, one of the possible dispositions that the Court can make is that you can be committed to the Ohio Department of Youth Services, which is a state prison system for children for a minimum of six months per count or a minimum of one year and not to exceed your twenty-first birthday? Do you understand that that's a possibility?
 {¶ 25} "J. T. C: Yes.
 {¶ 26} "COURT: Another possibility is that you could be committed to West Central Juvenile Rehab Center, which is also a state prison for children, but the advantage is it's located here in Miami County where your family can be involved in your rehabilitation. Do you understand that?
 {¶ 27} "J. T. C: Yes.
 {¶ 28} "COURT: You understand that you're entitled to a trial. If you accept the plea bargain, there will not be a trial. There will not be any witnesses, not yours nor the prosecution's. You will not have the opportunity to take the witness stand and testify in your own defense nor the right to remain silent at your trial. You're giving up all of those rights. Do you understand that?
 {¶ 29} "J. T. C: Yes, I understand.
 {¶ 30} "COURT: Do you have any questions?
 {¶ 31} "J. T. C: No.
 {¶ 32} "COURT: Mr. King, at this time do you want to go over the registration form with him and make sure he understands the implications of admitting to a sex offense?
 {¶ 33} "ATTORNEY STEPHEN KING: Yes, if I could have a moment to do that.
 {¶ 34} "(Attorney King consults with his client).
 {¶ 35} "ATTORNEY STEPHEN KING: May I ask a question, Your Honor?
 {¶ 36} "COURT: You may.
 {¶ 37} "ATTORNEY STEPHEN KING: If the, my client were found to be a registrant and is required to register with the sheriff's department once a year for ten years and that would also include the requirement if he changes addresses to notify them but that would not be subject to community notification, is that understanding correct?
 {¶ 38} "COURT: That's correct. He would have to be classified as a juvenile predator or a habitual to get community notification.
 {¶ 39} "ATTORNEY STEPHEN KING: So this would simply be a matter of registration, it wouldn't become public information?
 {¶ 40} "COURT: If, if we [sic] would be determined to be a sex offender registrant, it would be, require registration with the sheriff only without community notification. However, the probation department notifies all schools, whatever schools he may be attending, the probation department will be notifying.
 {¶ 41} "ATTORNEY STEPHEN KING: Okay. But no other, no further community notification, just school and the sheriff department?
 {¶ 42} "COURT: Not if he's determined a registrant, that's correct.
 {¶ 43} "ATTORNEY STEPHEN KING: Okay. Thank you.
 {¶ 44} "COURT: And there would be a hearing . . .
 {¶ 45} "ATTORNEY STEPHEN KING: Right.
 {¶ 46} "COURT: . . . to determine which category the Court would classify him at.
 {¶ 47} "ATTORNEY STEPHEN KING: I understand.
 {¶ 48} "COURT: If you have gone over that paper with he and his parents would you have them sign it please and return it to the bench. Thank you, [J. T. C], do you have any questions in regard to the responsibilities if adjudicated as a sex offender?
 {¶ 49} "J. T. C: No, Your Honor.
 {¶ 50} "COURT: At this time do you wish to accept the plea bargain and enter a plea of admit to Count Two and Count Three, each of those being charges of Gross Sexual Imposition, Felony of the Third Degree in exchange for the charge of Attempted Rape being dismissed?
 {¶ 51} "J. T. C: Yes.
 {¶ 52} "COURT: And you understand that by doing so there won't be a trial, there won't be any witnesses, you won't have the opportunity to testify or remain silent, and you won't have the, there won't be a trial, witnesses testifying or remaining silent, that's what you're giving up?
 {¶ 53} "J. T. C: Yes.
 {¶ 54} "COURT: And are you entering these two pleas freely and voluntarily?
 {¶ 55} "J. T. C: Yes.
 {¶ 56} "COURT: The Court will accept your plea of admit on two counts of Gross Sexual Imposition, Felonies of the Third Degree. Mr. King, what would you like to say?"
 {¶ 57} It is clear from reading the record that the juvenile court never personally addressed J. T. C. and determined that he understood the nature of the allegations surrounding the two charges of gross sexual imposition.
 {¶ 58} The Ross County Court of Appeals reversed a juvenile's delinquency adjudication when it found the trial court violated the juvenile's rights to due process by accepting the juvenile's admission to a rape charge without complying with Juv.R. 29(D)'s requirement that the court personally address the juvenile and determine whether he understood the nature of the rape allegation. In re Beechler (1996),115 Ohio App.3d 567, 685 N.E.2d 1257. That court noted that at no time did the referee ascertain whether the juvenile understood the nature of the rape allegation. Id. at 570. Ohio courts have held that in a delinquency case, an admission is similar to a guilty plea made by an adult pursuant to Crim.R. 11(C) in that it constitutes a waiver of rights to challenge the allegations in the complaint. State v. Penrod (1989),62 Ohio App.3d 720, 723, 577 N.E.2d 424. Both rules require the respective courts make careful inquiries in order to ensure that the admission is entered voluntarily, intelligently, and knowingly. In re Flynn (1995),101 Ohio App.3d 778, 781, 656 N.E.2d 737. Substantial compliance with the respective rules is required. In re Jenkins (1995), 101 Ohio App.3d 177,179, 655 N.E.2d 238.
 {¶ 59} This court held that a defendant's mere affirmative response to the court's question whether he understands the nature of the charge against him, without more, is insufficient to comply with Crim.R. 11.State v. Blair (1998), 128 Ohio App.3d 435, 715 N.E.2d 233.
 {¶ 60} We agree with the Appellant that the trial court did not substantially comply with Juv.R. 29(D) in determining whether he understood the nature of the allegations against him. The Appellant's first assignment of error is Sustained. The other assignments made by Appellant have been rendered moot by the resolution of the first. We need not address them. See App.R. 12(C).
 {¶ 61} The judgment of the trial court is Reversed and Remanded for further proceedings.
Grady and Donovan, JJ., concur.